DOROTHY HAYS, RESPONDENT, v. GROVER L. HAYS, APPELLANT.[*]

Kansas City Court of Appeals. April 5, 1926.

---

[*]Corpus Juris-Cyc References: Divorce, 19CJ, p. 104, n. 34; p. 125, n. 92; p. 136, n. 66; Domicile, 19CJ, p. 401, n. 62.

*B. W. Boley* for respondent.

*J. G. Hutchinson* for appellant.

BLAND, J.—This is an appeal from the action of the court in allowing alimony *pendente lite* in a divorce suit brought by plaintiff against defendant.

Defendant claims that the court had no jurisdiction to proceed in the matter for the reason that service of summons was fraudulently obtained upon him by plaintiff; that she inveigled defendant by fraud and deceit into the jurisdiction where service was had upon him. Defendant filed a motion to quash the service upon him for this reason. He also filed an answer which constituted a plea to the

jurisdiction, the jurisdiction being attacked therein on the same ground that is contained in the motion to quash the service, together with an allegation that plaintiff had not been a resident of Jackson county, Missouri, for one whole year next before the filing of her petition.

After hearing the evidence the court overruled the motion to quash and thereupon heard the testimony of plaintiff on the question of alimony *pendente lite*. The defendant participated in this latter hearing by cross-examining plaintiff and there is no question but that he thereby waived the point of jurisdiction over his person. [Morick v. Morick, 196 S. W. 1029; Newcomb v. Railroad, 182 Mo. 687, 708; Hill v. Barton, 188 S. W. 1105, 1108; Meyer v. Broadwell, 83 Mo. 571.]

However, upon an examination of the testimony we find that there was no fraud practiced upon defendant in order to get him within the jurisdiction so that service could be had upon him in the divorce suit. It appears that the parties lived as husband and wife in Trego county, Kansas, prior to August, 1923, when plaintiff came to Kansas City, Missouri. Sometime prior to July 6, 1924, defendant wrote plaintiff asking her to return and that if she would do so he would come to Kansas City and take her home. Thereafter several letters were written by the parties in which an effort was made to adjust their difficulties and to arrange a meeting in Kansas City for that purpose. Finally on Sunday, November 9, 1924, defendant came to Kansas City. It had been suggested by plaintiff that he should see her on that day. There was evidence in the record, although denied by the defendant, that his visit to that city was largely for the purpose of buying goods for his store in Wakeeney, Kansas, if he really intended to see plaintiff at all. He registered at the Sexton Hotel in Kansas City and called plaintiff over the phone about 6:00 P. M. of the day of his arrival. Plaintiff's evidence tended to show that she was away from home but returned about 7:00 P. M. of that day and that defendant had left no word or telephone number where she could call him but had stated that he would call her again, which he failed to do. On Monday morning, November 10th, she went to work and left word where defendant could call her but not receiving any word from him, about noon of November 10th, she went to see a lawyer about filing a divorce suit. This was the first time that she had decided to file such a suit. She testified, ''I waited all morning for the call. 'He is not going to call me,' I thought, 'he had come to town and not called me, he is going to leave without calling me, just as he had done before at other times.' ''

This suit was filed on November 10, and service was had upon defendant at his hotel in Kansas City on that day. On November 14, defendant wrote a letter to a furniture house in Kansas City stating, ''I was in Kansas City the first of the week buying some goods for my second-hand store—that kept me pretty busy so I didn't get time to

run down to see you." There was ample evidence to sustain the action of the court in overruling the motion to quash the service on the ground that it had been procured by fraud.

However, the record does not show that plaintiff had resided within this State one whole year next before the filing of her petition for divorce. This character of residence is necessary in order to confer jurisdiction upon the court to proceed in the case unless the offense or injury complained of was committed within this State or while one or more of the parties resided therein. [Sec. 1804, R. S. 1919; Hansford v. Hansford, 34 Mo. App. 262, 270; Collins v. Collins, 53 Mo. App. 470, 474.] On this subject plaintiff testified that she left Wakeeney, Trego county, Kansas, in August, 1923, and came to Kansas City, Missouri, her home before her marriage, to visit her mother who resided in the latter place; that she did not take all of her personal wearing apparel with her but left her winter clothes at Wakeeney; that during the summer of 1923 she visited Ottawa, Kansas, and returned to Kansas City where she went to work in October or November, 1923. She was asked—

"Q. Now, at the time that you came to Kansas City, did you intend to make Kansas City your home? A. I came on a visit—well, no, not especially. I thought I would make Kansas City my home unless things were settled out there and I had a home of my own.

"Q. When did you finally determine to make Kansas City your home? A. Well, when I took my position.

"Q. You at that time had definitely determined that you would make Kansas City your residence? A. Yes."

To create a domicile or residence, two elements are essential; actual bodily presence in the place combined with a freely exercised intention to remain there permanently, or at least for an indefinite time. "There must be a fixed and definite purpose to remain for an unlimited or indefinite time without any definite intention of ultimate removal." [State ex rel. v. Davis, 199 Mo. App. 439, 445, 446.] Plaintiff's testimony shows that she had no definite intention to remain in Kansas City until the time that she took her employment, which was in October or November, 1923. The suit was filed November 10, 1924. It is not possible to tell from her testimony whether she established a residence in Kansas City prior to November 10, 1923. It may have been sometime in November later than the 10th of that month that this occurred. The burden was upon her to establish her residence in that city beginning at least one whole year next before the filing of her petition, which she failed to do. We will not reverse the case outright for the reason that it may be possible for plaintiff to show that she went to work prior to Nov. 10, 1923. However, we would suggest that if she is able to establish the necessary residence in this State that she amend her petition. The

petition seeks a divorce on the ground of indignities but the specifica-tions of indignities are alleged in a very general way and consist largely of conclusions. The things attempted to be set up as indignities are stated in such an indefinite way that whether they are in fact indignities, is left largely to inference if not speculation.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.