MARIE JOSE BABOUDER *v.* SAMIR JABRA ABDENNUR

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 0284695S
NEW HAVEN

Memorandum filed July 28, 1989

*Elizabeth A. Curry,* for the plaintiff.

*Sara R. Martin,* for the defendant.

FULLER, J. This action for the dissolution of a marriage commenced when the defendant was served with a copy of the complaint on May 10, 1989. The defendant has filed a motion to dismiss the complaint on five grounds: (1) personal service upon the defendant was accomplished by trick, fraud or artifice; (2) the plaintiff is not a resident of Connecticut now or when this action was commenced, and therefore has no standing to bring or to maintain this action under General Statutes § 46b-44; (3) there is pending in the Family Court, Patriarchy of Catholics, in Beirut, Lebanon, a prior claim commenced by the plaintiff claiming similar relief; (4) the plaintiff failed to file a custody statement as required by General Statutes § 46b-99; (5) the plaintiff allegedly violated the clean hands doctrine by her unauthorized removal of the parties' minor child from Lebanon in violation of a court order, by the method she used to serve the complaint on the defendant, and by her misrepresentation as to her residence.

Several of these grounds do not relate to the jurisdiction of the court to hear the case, and, therefore, are not properly raised by a motion to dismiss. When a motion to dismiss is filed questioning subject matter jurisdiction it must be disposed of before there can be other proceedings. *Statewide Grievance Committee* v. *Rozbicki,* 211 Conn. 232, 245, 588 A.2d 986 (1989); *Baldwin Piano & Organ Co.* v. *Blake,* 186 Conn. 295, 297, 441 A.2d 183 (1982). Jurisdiction is the power of a court to hear and to determine the cause of action presented to it. *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 424, 559 A.2d 1103 (1989); *Lobsenz* v. *Davidoff,* 182 Conn. 111, 116, 438 A.2d 21 (1980). Jurisdiction must exist in three particulars: the subject matter of the case, the parties, and the process.

*LaBow* v. *LaBow,* 171 Conn. 433, 440, 370 A.2d 990 (1976); *Brown* v. *Cato,* 147 Conn. 418, 422, 162 A.2d 175 (1960). For subject matter jurisdiction the court must first, have cognizance of the class of cases to which the one to be adjudged belongs, second, the proper parties must be present, and third, the point to be decided must be, in substance and effect, within the issue. *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 390, 488 A.2d 444 (1985); *Lobsenz* v. *Davidoff,* supra. The Superior Court clearly has jurisdiction over actions for dissolution of marriage in general, but the source of jurisdiction over a particular dissolution action depends upon compliance with the statutory provisions which create and give the requirements for jurisdiction. *Broaca* v. *Broaca,* 181 Conn. 463, 465, 435 A.2d 1016 (1980); *Kennedy* v. *Kennedy,* 177 Conn. 47, 49–50, 411 A.2d 25 (1979); see also *Demar* v. *Open Space & Conservation Commission,* supra, 425. There is no subject matter jurisdiction unless a statute provides for it. *Dunham* v. *Dunham,* 97 Conn. 440, 446, 117 A. 504 (1922). Even though a dissolution action is equitable in nature; *Gluck* v. *Gluck,* 181 Conn. 225, 228, 435 A.2d 35 (1980); it is a cause of action created by statute. *Steele* v. *Steele,* 35 Conn. 48, 54 (1868). Here, there is no challenge to the process used, and the defendant's challenge to personal jurisdiction concerns only how personal service was made on him in this state. Other than that, the only basis for a jurisdictional challenge can be noncompliance with the statutes conferring jurisdiction in a dissolution case.

Although the clean hands doctrine may be a valid equitable defense in a dissolution action, it is a doctrine primarily for the protection of the court, not the parties. *Pappas* v. *Pappas,* 164 Conn. 242, 246, 320 A.2d 809 (1973). The doctrine concerns the merits of the claims and the position of the parties. In deciding whether it lacks subject matter jurisdiction, a court

usually does not inquire into the merits of the case. *Barde* v. *Board of Trustees,* 207 Conn. 59, 62, 539 A.2d 1000 (1988). The clean hands doctrine cannot be raised on a motion to dismiss.

The claimed noncompliance with § 46b-99, which requires the filing of a statement containing certain stated information in a custody proceeding brought under the Uniform Child Custody Jurisdiction Act, does not go to the subject matter jurisdiction of the court, even if that statute applies to this proceeding, an issue which is not resolved here. General Statutes § 52-231a provides that before the court enters a decree in any matter involving the custody of children, there must be a statement filed that there is no other pending proceeding, or if there is, a statement must be filed as to the nature of that proceeding. At most, the proper statement must be filed before custody can be determined at a hearing on the merits, but the failure to file such a statement is not a jurisdictional defect and there is jurisdiction, at least, for the purposes of a dissolution of the marriage.

The defendant claims that personal jurisdiction was obtained over him by trick, fraud and artifice by the plaintiff and her attorney because of the method used to obtain service of process. The defendant's affidavit, which the court accepts for the factual basis of this claim, particularly since it was not contradicted by the plaintiff's testimony or affidavit, is as follows: "The defendant, after determining that his wife was living with a man in New Haven, came to the United States from the United Arab Emirates. After the defendant contacted the plaintiff by telephone, the plaintiff told him that if he wanted to see their daughter, he would have to arrange it through the plaintiff's attorney, Elizabeth Curry. When the attorney was contacted, the defendant was told that he had to come to the attorney's office that afternoon at 5:30 to make arrange-

ments. When the defendant arrived, the attorney had the sheriff serve him with this action and other legal papers." In Connecticut, as in other states, the court will not exercise jurisdiction in a civil case which is based upon service of process on a defendant who has been decoyed, enticed or induced to come within the court's jurisdiction by any false representation, deceitful contrivance or wrongful device for which the plaintiff is responsible. *Siro* v. *American Express Co.,* 99 Conn. 95, 98, 121 A. 280 (1923); *Hill* v. *Goodrich,* 32 Conn. 588 (1865); annot., 98 A.L.R.2d 551. This also applies to conduct by a plaintiff's agents and attorneys. *Hill* v. *Goodrich,* supra, 590. This rule does not apply, however, when the defendant enters the state on his own, even if the plaintiff and his agents then engage in trickery to make service of process. *Siro* v. *American Express Co.,* supra, 99–100; *Nowell* v. *Nowell,* 24 Conn. Sup. 314, 318–19, 190 A.2d 233 (1963); *Hays* v. *Hays,* 221 Mo. App. 516, 517–18, 282 S.W. 57 (1926); *Hammett* v. *Hammett,* 74 App. Div. 2d 540, 424 N.Y.S.2d 913 (1980); *Guzzetta* v. *Guzzetta,* 75 Ohio L. Abs. 326, 329, 137 N.E.2d 419 (1956); *Strong* v. *Strong,* 299 P.2d 148, 150 (Okla. 1956); 98 A.L.R.2d 555. In the present case, the defendant came to Connecticut voluntarily, and the attempt to serve him did not occur until after he had arrived. The action will not, under these circumstances, be dismissed for abuse of process.

The next claim is that this action should be dismissed because of prior action brought by the plaintiff that is pending in Lebanon. At the hearing on this motion, the plaintiff described the nature of the proceeding in Lebanon pending before the Family Court, Patriarchy of Catholics, a religious court. The proceedings there are materially different from a civil action in the courts of the United States for dissolution of marriage, although some similar relief and orders are made, such as custody and support orders. A dissolution of marriage

cannot be granted in that proceeding. The pendency of a prior action between the same parties is a ground for dismissal of a second action, for reasons of justice and equity and for the further reason that it is duplicative and therefore vexatious. *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.*, 183 Conn. 108, 112, 438 A.2d 834 (1981). This rule does not apply, however, where the purposes of the two actions and the issues to be determined in them are different. Id., 113–14; *Nielsen* v. *Nielsen,* 3 Conn. App. 679, 682, 491 A.2d 1112 (1985). It is not necessary to resolve this claim by a comparison of the two cases here because there is another exception to the rule which is conclusive. "The rule that the pendency of a prior action between the same parties and to the same ends is grounds for dismissal has efficacy only where the actions are pending in the same jurisdiction. The pendency of an action in one state is not a ground for abatement of a later action in another state." *Sauter* v. *Sauter,* 4 Conn. App. 581, 584, 495 A.2d 1116 (1985); *Schaefer* v. *O. K. Tool Co.*, 110 Conn. 528, 535, 148 A. 330 (1930). Here, the prior action is in another country. At most the court could grant a stay of proceedings; *Sauter* v. *Sauter,* supra, 585; but that has not been requested, and it is not the issue before the court on a motion to dismiss.

The final claim is that the plaintiff does not have standing to bring this action since she is not a resident of this state, but a citizen and domiciliary of Lebanon, where she was born, married and resided before entering the United States on September 4, 1988. At the hearing on this motion there was testimony from the plaintiff and Sheila Brent, an attorney specializing in immigration law, as to the plaintiff's immigration status. The complaint alleges that the plaintiff had been a resident of this state for nine months when the action was started on May 10, 1989. Where a motion to dismiss is accompanied by supporting affidavits contain-

ing undisputed facts, those facts may be accepted on jurisdictional issues, and the court does not have to presume the validity of the allegations of the complaint. *Barde* v. *Board of Trustees,* supra. Where there is testimony on a motion to dismiss, it can be given more weight than statements in affidavits. *Rosenblit* v. *Danaher,* 206 Conn. 125, 136, 537 A.2d 145 (1988).

The plaintiff applied for and obtained a B-1 Business Visa from the United States consulate in Lebanon, which allowed her to come to the United States. To obtain this type of visa she was required to swear that she was a resident of Lebanon and intended to return there when the visa expired. Upon arriving in the United States, and in order to enter, she was issued an I-94 form which governs the length of the authorized stay under the visa and is issued for six months. One six month extension is allowed for a B-1 Business Visa, and one has been granted to the plaintiff until September 3, 1989. Since this is a temporary visa, for immigration law purposes a person cannot establish residence here while in a B-1 status, because it is issued on the basis that the applicant is a resident of another country and will return there when the visa expires; it does not establish any legal status in this country. The plaintiff has no relatives here and has not applied for a change in her status or type of visa, and remains a nonimmigrant visitor to this country. Even a change in status, if applied for, cannot establish residence retroactively. The defendant claims that the plaintiff's temporary status here also cannot give her residency status for purposes of satisfying the statutory requirements for a dissolution action under the laws of this state. The plaintiff claims that she intends to remain in Connecticut, eventually hopes to marry the man with whom she is residing in New Haven, and that the intent to remain, if possible, gives her standing to bring this action.

The pertinent statute is § 46b-44, which provides in part: "(a) A complaint for dissolution of a marriage or for legal separation may be filed at any time after either party has established residence in this state. (b) Temporary relief pursuant to the complaint may be granted in accordance with sections 46b-56 and 46b-83 at any time after either party has established residence in this state. (c) Decree dissolving a marriage or granting a legal separation may be entered if: (1) One of the parties to the marriage has been a resident of this state for at least twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree . . . ." While the court has personal jurisdiction over the defendant because of the personal service of the complaint on him, the court can enter a dissolution of the marriage without personal jurisdiction over the defendant; *Fernandez* v. *Fernandez,* 208 Conn. 329, 334, 545 A.2d 1036 (1988); if the plaintiff meets the residency requirement in the statute. A dissolution can be filed and the court has subject matter jurisdiction if the plaintiff is a resident of the state at the time the action was started. *Cugini* v. *Cugini,* 13 Conn. App. 632, 635, 538 A.2d 1060 (1988); *Carchrae* v *Carchrae,* 10 Conn. App. 566, 569, 524 A.2d 672 (1987). Residency of one party without a showing of domicil is sufficient to give the court jurisdiction for the purposes of filing a complaint or for the granting of alimony and support pendente lite. *LaBow* v. *LaBow,* supra, 439; *Sauter* v. *Sauter,* supra, 583. A party can have more than one residence, and residence with intent to remain in Connecticut is the foundation for jurisdiction. *Cugini* v. *Cugini,* supra, 636. A dissolution decree cannot be granted until twelve months after the plaintiff has established residence in this state. General Statutes § 46b-44 (c) (1); *LaBow* v. *LaBow,* supra, 438; *Sauter* v. *Sauter,* supra. Jurisdiction for filing the action and jurisdiction to grant a dissolution have differ-

ent requirements. The court finds that the plaintiff intended to reside here permanently when she filed this action even if she may not be able to accomplish that objective without a future change in her status under the immigration laws.

The key question is whether the plaintiff can be a resident for purposes of § 46b-44 when she intends to reside here permanently when the action is filed but is not a resident and is in a nonimmigrant status, under a temporary visa, for immigration law purposes. In *Torlonia* v. *Torlonia,* 108 Conn. 292, 142 A. 843 (1928), the plaintiff was born in the United States but was apparently a citizen of Italy who came to the United States under a nonimmigrant visitor's visa. Despite her entry into this country on a temporary basis, she was not precluded from establishing her domicil in this state for purposes of maintaining a divorce action. A similar result has been reached in other states where the plaintiff is in this country only on a temporary visa. See *Abou-Issa* v. *Abou-Issa,* 229 Ga. 77, 189 S.E.2d 443 (1972); *Gosschalk* v. *Gosschalk,* 48 N.J. Super. 566, 138 A.2d 774 (1958); *Taubenfeld* v. *Taubenfeld,* 276 App. Div. 873, 93 N.Y.S.2d 757 (1949); *Sinha* v. *Sinha,* 341 Pa. Super. 440, 491 A.2d 899 (1985); *Bustamante* v. *Bustamante,* 645 P.2d 40 (Utah 1982). The fact that the plaintiff entered the country with intent at that time to return to the foreign country did not prevent the plaintiff from acquiring residence status to bring a dissolution action in *Williams* v. *Williams,* 328 F. Sup. 1380 (D. St. Croix 1971); *Sinha* v. *Sinha,* supra; or prevent "dual intent," namely intent to remain if that could be accomplished, or intent to leave if required by law, which conferred standing to file the action. *Bustamante* v. *Bustamante,* supra; see generally, annot., 51 A.L.R.3d 223 ("[w]hat constitutes residence or domicil within state by citizen of another country for purpose of jurisdiction in divorce"). In *Alves* v.

*Alves,* 262 A.2d 111 (D.C. 1970), where the plaintiff had the present intent to reside in the District of Columbia, the court held that the absence of a visa giving the legal right to remain in the United States did not prevent jurisdiction for a divorce action. In *Santangelo* v. *Santangelo,* 137 Conn. 404, 408, 78 A.2d 245 (1951), the fact that the plaintiff was a nonresident of the state did not prevent a collateral attack on a prior divorce decree rendered in another state obtained by the defendant, and the court stated that an alien was in the same position as a nonresident. The plaintiff in the present case sufficiently meets the residency requirement in § 46b-44 (a). This court, therefore, has subject matter jurisdiction. *Torlonia* v. *Torlonia,* supra.

The motion to dismiss is denied.