James J. SULLIVAN, et al., Appellants,

v.

Thomas KUEHLING, et al.,
Respondents.

No. 55579.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 10, 1989.

Edward C. Cody, Klutho, Cody, Kilo & Flynn, St. Louis, for appellants.

Kathi L. Chestnut, Patricia A. Hart, City Counselor, St. Louis, for respondents.

SMITH, Presiding Judge.

Appellants appeal from the judgment of the trial court upholding the action of the Board of Adjustment of the City of St. Louis in granting Sunshine Mission a use variance for operation of its shelter for homeless men.

The property in question is located in the "J" industrial district. It was acquired by Sunshine to provide a site for feeding, sheltering and clothing homeless men pursuant to its not-for-profit corporate purposes. The men using the facility are transients and normally will not utilize the facility for more than three nights at a time. The Mission has provided this service for many years at another location and acquired the site in question in order to expand its operation. It applied for an occupancy permit from the City Zoning Administrator. That application was denied on the basis that the Missions "board and care" facility was not a permissible use within the "J" industrial district. This decision was appealed to the Board of Adjustment which made no specific ruling on whether this was a permissible use, but rather found that the Mission was entitled to a use variance from the zoning ordinance. After a hearing the trial court affirmed that determination. Appellants, neighbors to the site, appealed to this court on the basis that the evidence did not establish that the grounds for a use variance existed. Sunshine and the Board contend not only that the evidence supported the use variance but that no variance was required as the use contemplated is permitted in the "J" industrial district.

The "J" industrial district allows an extremely broad range of uses. It allows any use permitted in the "I" central business district plus several uses prohibited in the "I" district. The "I" district provides that a "building or premises may be used for any purpose except" and then a long listing of prohibited uses. The use contemplated by Sunshine is not one of the prohibited uses delineated in the "I" district regulations. The use itself is not therefore specifically prohibited in the "J" district.

The "J" district regulations contain, however, the following further restriction: "and provided further that no building shall be in any case hereinafter erected nor shall any existing building be converted, reconstructed or structually altered for dwelling purposes except where forty percent (40%) or more of the frontage is occupied by dwellings." The property involved is a warehouse and would require conversion to be used for the Mission's contemplated purpose. None of its present frontage is occupied by dwellings.

"Dwelling" is defined by the zoning code as "any building, or portion thereof, which is designed for or used for residential purposes." Residential purposes and residence are not defined in the code.[1] Sec. 1.020(13) RSMo Cum.Supp.1989, defines "place of residence" as the place where the family of any person *permanently* resides in this state, and the place where any person having no family *generally* lodges." (Emphasis supplied). Residence and domicile have usually been regarded as synonymous terms. *Fowler v. Clayton School District*, 528 S.W.2d 955 (Mo.App.1975) [1–3]. Both carry with them the concepts of permanence in the habitation. *Fowler v. Clayton School District, supra; Hays v. Hays*, 221 Mo.App. 516, 282 S.W. 57 (1926) [4, 5]. The definition of hotel appearing in the zoning code reinforces this concept. A "hotel" is defined as "[a] building used as an *abiding* place of more than 20 persons who are for compensation lodged with or without meals." (Emphasis supplied). The use of the term "abiding" to denote temporary lodging indicates that the code contemplated a difference between "residing," a more or less permanent habitation, and "abiding," a temporary habitation. We conclude that the restriction on creating buildings for "dwelling purposes" in the "J" district regulations refers to permanent residences.

The Sunshine Mission provides only temporary habitation for transient, mainly homeless, men. The usual stay is no more than three days. The building will not be used for "dwelling purposes" as that phrase is used in the zoning code. Sunshine Mission was entitled to the occupancy permit as its use was authorized under the zoning ordinances. The Board of Adjustment erred in granting a use variance as its proper decision should have been to grant the occupancy permit on the basis that the use contemplated was an authorized use.

The cause is remanded to the trial court with directions to remand to the Board of Adjustment for further proceedings in accordance with this opinion.

STEPHAN and SATZ, JJ., concur.

[1] Appellants point to a provision of the Zoning Code which directs that terms not therein defined be construed as defined in the Building Code. A definition of "residential use" is purportedly contained therein. The Building Code was not introduced into evidence before the Board or the trial court. Neither we nor the trial court can take judicial notice of it. *Queen of Diamonds, Inc. v. Quinn,* 569 S.W.2d 317 (Mo.App.1978) [3, 4]. Respondents' motion to strike provisions of the Building Code attached to Appellants' reply brief is granted.