[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the parties to this action was dissolved by the court of the State of Wisconsin. The decree, which inter alia, provided that the plaintiff pay the support for the two minor children, was filed in Connecticut pursuant to Section 46b-71 of the Connecticut General Statutes. Thereafter the defendant sought to modify the order of support by filing an appropriate motion here in Connecticut and serving the plaintiff by certified mail at his home in Wisconsin. The plaintiff was successful in having that motion dismissed on the grounds that Connecticut court did not have inpersonam jurisdiction of the plaintiff which was necessary in order to modify the order of support. This court, by its memorandum of decision dated October 9, 1990, Harrigan, J., cited the case of St. Hilaire v. St. Hilaire No. 299566, Superior Court, J.D., New Haven, in support of its holding that this court lacked personal jurisdiction over the nonresident plaintiff.
The court in St. Hilaire, held that "even if Section 46b-71
is a long-arm statute, pursuant to which personal jurisdiction may be asserted by Connecticut courts. Such assertion of jurisdiction must still comply with the United States Constitutional requirements of due process." St. Hilaire supra pg. 8. That court found that the Father lacked sufficient minimum contacts with the State of Connecticut and, therefore, lacked jurisdiction sufficient to modify the support order.
In connection with the instant Motion to Modify the order of child support dated November 21, 1990, the defendant has obtained personal service on the plaintiff by serving him, in hand, that motion at 380 Old Waterbury Road, Southbury, Connecticut. The instant motion is therefore distinguished from the previous motion and the facts of the St. Hilaire matter in that this plaintiff now has subjected himself to the jurisdiction of this State and was personally served in hand with the instant motion to Modify.
The Wisconsin judgment was properly filed in Connecticut pursuant to Section 46b-71, therefore, is subject to modification as a judgment of this court. Section 46b-56 provides that support for the minor children may be modified at any time. The defendant need not resort to establishing minimum contacts in order to obtain inpersonam jurisdiction. That procedure is only necessary when the plaintiff has not subjected himself to the jurisdiction of this court. CT Page 1253
 Those standards, as set out in International Shoe, require that "in order to subject a defendant to a judgment inpersonam, if he be not present within the territory of the forum, he has certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice:" (emphasis in original) International Shoe Company v. Washington, supra, 315; Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 52.
In this case, the plaintiff has subjected himself to jurisdiction of this court and he was present within the territory of the forum when he was served with the defendant's motion to modify. (See, also Babouder v. Abdennur, 41 Conn. Sup. 258). This court does have inpersonam jurisdiction over the plaintiff and, therefore, the plaintiff's motion to dismiss must be denied.
PELLEGRINO, J. CT Page 1254
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1255
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1256
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1257
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1258