[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Suisman, Shapiro, Wool, Brennan Gray for plaintiff.
Faulkner Boyce for defendant.
By complaint dated March 8, 1994, the plaintiff, NFS-Radiation Protection Systems, Inc. ("NFS-R"), brought an action against the defendant, Dan A. Preston, for damages arising out an alleged breach of an employment contract. The following facts are alleged.
Ecotek, Inc. ("Ecotek") is the parent corporation of NFS-R. On or about April 10, 1992, the defendant entered into an employment agreement with Ecotek, in which the parties agreed that said agreement was binding upon Ecotek's successors and assigns. The defendant was aware that under the terms said agreement, he CT Page 6859 had access to Ecotek's confidential and proprietary data; thus, the defendant agreed that because he held a position of trust and confidence in Ecotek, Ecotek would be entitled to protect its interest through, inter alia, specific performance and injunctive relief.
On or about August 10, 1993, said agreement was assigned to NFS-R. On or about August 24, 1993, the defendant began working for NFS-R. On or about November 19, 1993 and December 8, 1993, the defendant acted in direct contravention of said employment agreement. On or about December 14, 1993, the defendant's contract for employment was terminated.
Count one contains allegations that the defendant breached his employment contract. Count two contains allegations that the defendant's actions were in violation of the Uniform Trade Secrets Act, General Statutes § 35-50, et seq. Count three contains allegations that the defendant's actions were in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 41-110b,et seq. Count four contains allegations that the defendant's actions constituted a breach of his implied obligation of good faith and fair dealing to the plaintiff. The plaintiff seeks money damages, costs, interest, injunctive relief, attorney's fees, punitive damages, orders protecting the plaintiff's trade secrets, and any other appropriate relief.
On April 22, 1994, the defendant filed a motion to dismiss the plaintiff's complaint based upon the prior pending action doctrine. In his supporting memorandum of law, the defendant argues that dismissal of the plaintiff's present action is appropriate because of a previously filed Tennessee action between NFS-R against the defendant, dated December 30, 1993. The defendant alternatively seeks to stay the plaintiff's action pending resolution of the prior action. On May 12, 1994, the plaintiff filed an objection to the defendant's motion to dismiss accompanied by a supporting memorandum of law.
"A motion to dismiss `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Citation omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). "[J]urisdiction is the power in a court to hear and determine the cause of action presented to it." (Citations omitted.) Chrysler Credit Corporation v. FairfieldChrysler-Plymouth, Inc., 180 Conn. 223, 229, 429 A.2d 478
(1980). Although the prior pending action doctrine does not truly CT Page 6860 implicate the subject matter jurisdiction of a court; Halpern v.Board of Education, 196 Conn. 647, 652 n. 4, 495 A.2d 264
(1985); "`[i]t has long been the rule that when two separate lawsuits are virtually alike" the second action is amenable to dismissal by the court.'" (Citations omitted.) H.C. Tedford Associatesv. 1718 Boston Post Road Limited Partnership, 8 CSCR 250,251 (January 14, 1993, Curran, J.), citing Beaudoin v. Town OilCo., 207 Conn. 575, 583, 542 A.2d 1124 (1988).
In support of his prior pending action doctrine argument, the defendant relies upon a Tennessee action filed by the plaintiff against the defendant. See Nuclear Fuel Services, Inc. v. Preston, Civil Action No. 5675. The defendant argues for dismissal of the present action because of the identical facts in both actions and because there are common issues pending in Tennessee. In opposition, the plaintiff argues that the prior pending action doctrine has no application to the present case because the two cases involve different parties and different issues.
 The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction.
(Internal quotation marks omitted.) Department of Utilities v.Carothers, 28 Conn. App. 674, 679, 613 A.2d 316 (1992), quotingHalpern v. Board of Education, supra, 652-53. A trial court "must examine the pleadings to ascertain whether the actions are `virtually alike.'" (Citation omitted.) Halpern v. Board of Education, supra, 653.
 The rule that the pendency of a prior action between the same parties and to the same ends is grounds for dismissal has efficacy only where the actions are pending in the same jurisdiction. The pendency of an action in one state is not a ground for abatement of a later action in another state. Schaefer v. O.K Tool Co., Inc., 110 Conn. 528, 535, 148 A. 330 (1930); 1 Stephenson, Conn. Civ. Proc. 104(a).
Sauter v. Sauter, 4 Conn. App. 581, 584, 495 A.2d 1116 (1985). CT Page 6861
Because the pendency of an action in Tennessee is not a ground for dismissal of a later action in Connecticut, "[i]t is not necessary to resolve this claim by a comparison of the two cases."Babouder v. Abdennur, 41 Conn. Sup. 258, 263, 566 A.2d 457
(1989, Fuller, J.). The defendant's motion to dismiss the plaintiff's complaint is denied.
The defendant alternatively argues that this court stay the plaintiff's action pending the resolution of the Tennessee action. The plaintiff argues that because both cases involve neither the same parties nor the same issues, the court need not stay the present action.
"[W]here an action is pending in one state, the court of another state in which another action, involving the same parties and subject matter, is brought, may grant a stay of proceedings in the latter action. . . ." Sauter v. Sauter, supra, 585, quoting 1 C.J.S., Actions § 133, p. 1410. "[S]uch a stay is not a matter of right and is not required, but rests within the discretion of the court in the exercise of which it must see that injustice is not done. . . ." Id.
The plaintiff argues that the two actions do not involve the same parties. In support thereof, the plaintiff submits an affidavit of Donald B. Pratt, controller of NFS-R, in which Pratt attests that NFS-R "is not a party to the action currently pending in the Federal District Court in Tennessee. . . ." Pratt further attests that the plaintiff in the Tennessee action "is a separate and distinct corporate entity from [NFS-R]." Such a statement is further supported by the pleadings filed in the two actions: the present action contains allegations that Ecotek is the parent corporation of the plaintiff while the Tennessee action contains allegations that Ecotek is a subsidiary corporation of the plaintiff.
The court finds that the two actions do not involve the same parties, the plaintiff's present action need not be stayed pending resolution of the Tennessee action. The defendant's request to stay the plaintiff's present action is denied.
AUSTIN, JUDGE CT Page 6862