[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9822-G
The defendant, American Press, Inc., has timely filed a motion to dismiss the complaint of the plaintiff, BICC Brand-Rex Company. An evidentiary hearing on this motion was heard by the court on October 15, 1996.
The complaint alleges, in two counts, that the plaintiff, a corporation having its principal place of business in Willimantic, Connecticut, contracted with the defendant, a Virginia based corporation, for the printing of a catalog featuring the plaintiff's product line. The complaint further avers the quality of the catalog printed was deficient, and this deficiency constituted a breach of the contract and the warranties contained therein.
The defendant bases the motion to dismiss on a clause of that contract "which confers exclusive jurisdiction in the Circuit Court of Orange County, Virginia," for the resolution of disputes arising out of the contract. The defendant also contends that, CT Page 9822-H because an action raising the same claims was filed and pending in Virginia before this action was brought in Connecticut this court should decline to hear the action. A third ground, asserting insufficient service of process, was not pursued at oral argument, and the court regards that ground as abandoned.
 I
The court addresses the prior pending case claim first. The rule permitting the court to dismiss a later action between the same parties as to the same issues raised in an earlier, pending case is inapplicable regarding actions pending in another jurisdiction. Schaefer v. OK Tool Co., Inc. 110 Conn. 528, 535
(1930); Sauter v. Sauter, 4 Conn. App. 581, 584 (1985); Babouderv. Abdennur, 41 Conn. Sup. 258 263 (1989). Consequently, dismissal of this action is unwarranted on this ground because of a pending action in Virginia.
 II
Turning to the remaining ground, i.e., that the parties CT Page 9822-I contractually agreed to have the matter heard in Virginia, the court makes the following findings based on a review of the pleadings, accompanying affidavits, and the evidence adduced at the hearing. Between November 29, 1995, and April 29, 1996, the parties, both corporations, negotiated a contract which contained a clause conferring "exclusive jurisdiction over the parties and venue unto the Circuit Court of Orange County, Virginia". This clause was the specific subject of part of the negotiations which culminated in the contract. There was no evidence adduced as to the relative bargaining power of these business entities. The clause under scrutiny was part of a preprinted form utilized by the defendant.
The defendant in the motion to dismiss and argument has characterized this contract clause as one relieving this court of subject matter jurisdiction. This is a mischaracterization of the import of this type of clause. Parties cannot alter the subject matter jurisdiction of the court by agreement. Emlee EquipmentLeasing v. Waterbury Transmission, supra.
A more accurate description of the forum clause in the CT Page 9822-J contract between the parties is that it constitutes an agreement to restrict venue to Orange County, Virginia. The court construes the defendant's motion to dismiss as an invocation of this clause to enforce that restriction, despite the mischaracterization of the clause as one involving subject matter jurisdiction.
Absent fraud or overreaching, such choice of forum clauses are enforceable. United States Trust Co. v. Bohart, 197 Conn. 34,41 (1985). The propriety of this court's effectuating the clause depends on whether the venue choice in the contract makes the litigation "gravely difficult and inconvenient" so as to "severely disadvantage" the party opposing that choice. Id. In the present case, litigation between the parties mirroring this action was pending in Virginia before the local case was begun. The plaintiff already is in the courts of Virginia on this matter. The court discerns no fraud nor undue advantage in compelling the plaintiff to abide by the forum clause to which the plaintiff agreed. The agreement was not an adhesion contract rendering enforcement of that clause unconscionable. Clarkson v.Classic Motor Carriage, Inc., Superior Court, Danbury Judicial District, d.n. 310929 (December 28, 1991). CT Page 9822-K
For these reasons, the motion to dismiss is granted.
Sferrazza. J.