[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Whether the court should grant the defendant's motion to dismiss the plaintiff's complaint.
FACTS
On January 24, 1996, the plaintiff, Mary McIntosh, filed a one count complaint against her brother, the defendant, John McIntosh, alleging an action in negligence pursuant to a car accident which occurred in Fort Lauderdale, Florida on February 11, 1995. The plaintiff was a passenger in the defendant's car when it was struck by another vehicle while making a left turn at a signal. On March 4, 1996, the defendant filed this motion to CT Page 10053 dismiss the plaintiff's complaint, accompanied by a memorandum in support of the motion. On March 18, 1996, the plaintiff filed an objection to the motion, accompanied by a memorandum in support of her objection.
DISCUSSION
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. Practice Book § 142;Knipple v. Viking Communications, 236 Conn. 602, 604
n. 3, 674 A.2d 426 (1996). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in the original; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1993).
"The grounds which may be asserted in [a motion to dismiss] are: . . . (2) lack of jurisdiction over the person . . . ."Knipple v. Viking Communications, supra, 236 Conn. 604
n. 3, citing Practice Book § 143. In the present case, the defendant challenges the court's jurisdiction over him, on the ground that such jurisdiction was obtained by fraud and trickery. In his memorandum in support of his motion, the defendant asserts that his daughter, also a passenger in the car involved in the accident in Florida, invited him to visit in her home in New London and, for the first time, paid his plane fare for the visit. While he was at his daughter's home, process was served on the defendant for the plaintiff's cause of action, as well as for a cause of action brought against the defendant by his daughter in Connecticut.
"Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State. The view developed early that each State had the power to hale before its courts any individual who could be found within its borders, and that once having acquired jurisdiction over such a person by properly serving him with process, the CT Page 10054 State could retain jurisdiction to enter judgment against him, no matter how fleeting his visit." Burnham v. SuperiorCourt, 495 U.S. 604, 610-11, 110 S.Ct. 2105,109 L.Ed.2d 631 (1990). Connecticut has traditionally asserted personal jurisdiction over nonresidents who are voluntarily present in the state. See E. Stephenson, 1 Connecticut Civil Procedure, 26 [a] (2d Ed. 1970). There is no indication that such service is no longer valid in Connecticut. Id. (Sup. 1982) (notwithstandingInternational Shoe v. Washington, 326 U.S. 310,66 S.Ct. 154, 90 L.Ed. 95 (1945) and Shaffer v. Heitner,433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), no evidence that Connecticut has modified the view that personal service in the state confers in personum jurisdiction upon the court.)
One exception to the assertion of personal jurisdiction by Connecticut courts over nonresidents voluntarily present in the state is service that is obtained by force or fraud. SeeBurnham v. Superior Court, supra, 495 U.S. 613. "In Connecticut, as in other states, the court will not exercise jurisdiction in a civil case which is based upon service of process on a defendant who has been decoyed, enticed or induced to come within the court's jurisdiction by any false representation, deceitful contrivance or wrongful device for which the plaintiff is responsible." Babouder v.Abdennur, 41 Conn. Sup. 258, 262, 566 A.2d 457 (1989), citing Siro v. American Express Co., 99 Conn. 95, 98,121 A. 280 (1923). "This rule does not apply, however, when the defendant enters the state on his own, even if the plaintiff and his agents then engage in trickery to make service of process." Id.
In the present case, the defendant alleges actions taken by his daughter, not the plaintiff, which precipitated his presence in the state, when process was properly served for this lawsuit. Accordingly, since the defendant does not allege facts to show that the plaintiff took part in actions that "decoyed, enticed or induced" the defendant "to come within the court's jurisdiction by any false representation, deceitful contrivance or wrongful device for which the plaintiff is responsible," the court has personal jurisdiction over the defendant and his motion may be denied on that basis. See Babouder v. Abdennur,41 Conn. Sup. 258, 262, 566 A.2d 457 (1989), citing Siro v.American Express Co., 99 Conn. 95, 98, 121 A. 280 (1923).
The defendant, however, further asserts the alternative CT Page 10055 ground of forum non conveniens in his motion to dismiss the plaintiff's complaint. "The common law principle of forum non conveniens provides that the court may resistimposition upon its jurisdiction even when it has jurisdiction." (Emphasis in original; internal quotation marks omitted.) Union Carbide Corp. v. Aetna Casualty SuretyCo., 212 Conn. 311, 314, 562 A.2d 15 (1989). "The common law doctrine of forum non conveniens is an exception to the general rule that a court must hear and decide cases over which it has jurisdiction by statute or constitution, and recognizes the discretion of a court . . . to dismiss a suit because the court has determined that another forum is better suited to decide the issues involved." (Citation omitted.) Sabino v.Ruffolo, 19 Conn. App. 402, 405-06, 562 A.2d 1134 (1989). "As a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice." (Internal quotation marks omitted.) Picketts v.International Playtex, Inc., 215 Conn. 490, 500,576 A.2d 518 (1990).
"[U]nless the balance is strongly in favor of thedefendant, the plaintiff's choice of forum should rarely bedisturbed." (Emphasis in the original.) Id., citingGulf Oil Corporation v. Gilbert, 330 U.S. 501, 508,67 S.Ct. 839, 91 L.Ed. 1055 (1947). "[I]t bears emphasis that invocation of the doctrine of forum non conveniens is a drastic remedy . . . which the trial court must approach with caution and restraint. . . . [A trial court] cannot exercise its discretion in order to level the playing field between the parties. The plaintiff's choice of forum, which may well have been chosen precisely because it provides the plaintiff with certain procedural or substantive advantages should be respected unless equity weighs strongly in favor of the defendant." Id., 501. "[T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether the plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved." Id.
In the present case, the plaintiff lives in Connecticut and was visiting the defendant, a resident of Fort Lauderdale, when the car accident took place. Although a police report of the accident could be produced as evidence in a civil trial in CT Page 10056 Connecticut, the police officer(s) responding to the accident scene are in Fort Lauderdale and may not be amenable to process in Connecticut. The car accident involved at least two drivers, other than the defendant, both of whom are in Florida. Witnesses to the car accident are in Florida. Furthermore, Florida has an interest in the outcome of the litigation because the car accident involved Florida residents, on a Florida road, at a Florida stop light which may have been malfunctioning at the time of the accident.
In her objection to the motion, the plaintiff alleges that the doctrine of forum non conveniens does not apply in this case because there is a lack of extraordinary circumstances. SeeSabino v. Ruffolo, supra, 19 Conn. App. 410 (citing multiple parties, uniform child custody statutes or other uniform statutes, long arm statutes, complex litigation, or a great geographical distance between the original forum and the locus of the cause of action as examples of extraordinary circumstances). In her memorandum in support of her objection, the plaintiff points out that her treating physicians and potential expert witnesses reside in Connecticut.
The court finds that there are extraordinary circumstances in this case because more than one car was involved in the accident in Florida, making the litigation more complex than a single car accident, and there is a great geographical distance between Connecticut and Florida. Finally, if the plaintiff's physicians and potential expert witnesses are unable to travel, the plaintiff can obtain sworn depositions which may be used in a trial in Florida, whereas the defendant cannot compel witnesses to travel from Florida to Connecticut.
The defendant alleges facts which, when balanced against the plaintiff's choice of forum, weigh strongly in favor of granting the defendant's motion to dismiss on the basis of forum non conveniens. Because the defendant has satisfied the stringent requirements of the forum non conveniens doctrine, the court will grant his motion to dismiss.
CONCLUSION
Although the court has personal jurisdiction over the defendant because process was properly served while he was voluntarily in the state to visit his family and the plaintiff was not responsible for luring him into the state by trickery or CT Page 10057 fraud, the court hereby grants the defendant's motion to dismiss based on the doctrine of forum non conveniens.
D. Michael Hurley Judge Trial Referee