KATHERINE REED, ADMINISTRATRIX (ESTATE OF FREDDIE MONAST) *v.* COMMERCIAL UNION INSURANCE COMPANY
(AC 19316)

Landau, Schaller and Mihalakos, Js.

Argued May 4—officially released October 3, 2000

*James B. McCarthy*, with whom was *Thomas B. McCarthy*, for the appellant (plaintiff).

*Lloyd D. Pedersen*, with whom, on the brief, was *Ann Grunbeck Monaghan*, for the appellee (named defendant).

*Karen Katz*, with whom was *Christopher C. Cobb*, for the appellee (defendant Shipsview Corporation).

*Opinion*

MIHALAKOS, J. The plaintiff, Katherine Reed, administratrix of the estate of Freddie Monast, appeals from the judgment of the trial court rendered after it granted the motion by the defendant Commercial Union Insurance Company (Commercial Union) to dismiss her amended complaint on the ground of forum non conveniens. On appeal, the plaintiff claims that the court abused its discretion in granting the motion to dismiss. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On June 29, 1995, Monast was killed by a truck operated by his fellow employee, the defendant Curtice W. Hathaway, while working for the defendant Shipsview Corporation[1] (Shipsview) on Interstate 691 in Meriden. At the time of the accident, Monast and Hathaway were residents of Massachusetts, and Shipsview had its principal place of business there. Furthermore, at that time, a business automobile insurance policy existed between Shipsview and Commercial Union, which also had its principal place of business in Massachusetts. The insurance policy was negotiated and executed in Massachusetts through a Massachusetts agent. The policy covers thir-

---

[1] Shipsview is a Massachusetts corporation doing business in Connecticut. It signed a $3.5 million contract with the state of Connecticut to paint bridges at various locations throughout Connecticut.

teen enumerated automobiles owned by Shipsview, all of which were registered in Massachusetts.[2]

On July 31, 1996, the plaintiff instituted a wrongful death action against Hathaway and Shipsview in the Superior Court for the judicial district of New Haven at Meriden. On November 21, 1996, Commercial Union denied coverage for the claims contained in the underlying wrongful death action. On January 23, 1998, Commercial Union notified Shipsview that it would participate in providing a full defense of the plaintiff's action subject to a full reservation of rights, including the right to withdraw its legal representation at any time.

The plaintiff initiated this declaratory judgment action against Commercial Union on April 23, 1998. The plaintiff sought a declaration as to whether there was coverage under Commercial Union's policy with Shipsview for the claims alleged by the plaintiff in the underlying wrongful death action. Commercial Union filed a motion to dismiss this declaratory judgment action, arguing that the plaintiff's failure to name Hathaway and Shipsview as parties deprived the court of subject matter jurisdiction. The plaintiff subsequently filed a motion to cite in Hathaway and Shipsview, which was granted by the court on August 25, 1998. On November 6, 1998, Commercial Union then filed a second motion to dismiss, claiming that Hathaway could not be served and, further, that the court should decline jurisdiction under the doctrine of forum non conveniens. On December 31, 1998, the plaintiff filed a memorandum of law in opposition to the motion to dismiss.

On February 2, 1999, the court granted Commercial Union's motion to dismiss. The court found that Massa-

[2] The court, in its ruling on the issue of personal jurisdiction as to the defendant Hathaway, made certain findings of fact, although no evidentiary hearing was held. No counter affidavits were filed by the plaintiff, nor was any motion for articulation ever filed.

chusetts, not Connecticut, is the appropriate forum to hear this action and declined jurisdiction on the basis of forum non conveniens. On February 8, 1999, Commercial Union filed a declaratory judgment action in Barnstable Superior Court in the Commonwealth of Massachusetts, which is pending. This appeal followed.

The plaintiff claims that the court abused its discretion in granting the motion to dismiss. The plaintiff claims that Connecticut, not Massachusetts, is the proper forum for this declaratory judgment action. We agree.

"Appellate review of the trial court's determination that Connecticut was an inconvenient forum for this . . . litigation must proceed from established principles of law. As a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice. . . . In our application of the abuse of discretion standard, we must accept the proposition that simply to disagree with the [trial] court as if the facts had been presented to this court in the first instance cannot be the basis of our decision. . . . Meaningful review, even from this circumscribed perspective, nonetheless encompasses a determination whether the trial court abused its discretion as to either the facts or the law. . . .

"Emphasis on the trial court's discretion does not, however, overshadow the central principle of the forum non conveniens doctrine that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. . . . Although it would be inappropriate to invoke rigid rule to govern discretion . . . it bears emphasis that invocation of the doctrine of forum non conveniens is a drastic remedy . . . which the trial court must approach with caution and restraint. The trial court does not have unchecked

discretion to dismiss cases from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff. . . . Although a trial court applying the doctrine of forum non conveniens must walk a delicate line to avoid implicitly sanctioning forum-shopping by either litigant at the expense of the other . . . it cannot exercise its discretion in order to level the playing field between the parties. The plaintiff's choice of forum, which may well have been chosen precisely because it provides the plaintiff with certain procedural or substantive advantages, should be respected unless equity weighs strongly in favor of the defendant." (Citations omitted; internal quotation marks omitted.) *Picketts* v. *International Playtex, Inc.*, 215 Conn. 490, 500–501, 576 A.2d 518 (1990).

The narrow question that the court was asked to decide in this declaratory judgment action was one of law.[3] In essence, the court was asked to review Commercial Union's policy of insurance. As such, location of witnesses and the convenience of the parties is of minimal consequence in the determination of the narrow issue presented to the court. Given the strong policy our courts have followed regarding a plaintiff's choice of forum and the lack of any factors that would override that policy, we conclude that the court abused its discretion in granting the motion to dismiss on the basis of forum non conveniens.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[3] In the prayer for relief in her amended complaint dated August 27, 1998, the plaintiff asked the court, inter alia, for "a declaratory judgment determining that there is coverage under the defendant's policy with Shipsview . . . for the claims the plaintiff asserts . . . in Meriden Superior Court against [Hathaway and Shipsview]."