[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO OPEN AND TERMINATE STAY (#126) FACTS
The plaintiff, Sharon Hansen-Boyer, and the defendant, Charles Boyer, were married in Colorado in 1984. In 1991 they moved to Sweden. The parties' son was born in Sweden in 1992, but he retained American citizenship. The family returned to the United States in September 1993 and they purchased a home in Niantic, Connecticut. The parties' daughter was born in 1995. The family again returned to Sweden in 1997. They intended to return to Connecticut and kept the home in Niantic. The parties separated in October 1998 while both parties were in Sweden.
A joint application for divorce was filed in Sweden in November 1999. In February 2000, the family returned to Colorado. The plaintiff and the children stayed in the United States and moved back to Niantic permanently and the defendant returned to Sweden. The plaintiff filed for dissolution in the Norwich Superior Court on March 10, 2000, and revoked her divorce action in Sweden. The defendant did not revoke the divorce action in Sweden, however, and it continued. In her Norwich action, the plaintiff seeks: (1) a dissolution of her marriage; (2) custody; (3) child support; (4) alimony; (5) distribution of property; (6) an allowance to prosecute; and (7) exclusive use and possession of the Niantic home. The parties have retained attorneys in Connecticut and Sweden.
A child custody order was entered in Sweden in May 2000, granting CT Page 6370 custody to the plaintiff and visitation rights to the defendant. This court adopted the Swedish child custody order. On September 7, 2000, this court, (Kenefick, J.), ordered a stay of the Connecticut divorce action pending a resolution of the matter in Sweden in a timely manner. In September 2000, the court in Sweden entered the divorce judgment. That court did not decide the issues of marital property, alimony or child support. On October 23, 2000, this court lifted the stay as to the issue of child support and ordered the defendant to pay $200.00 a week in child support. As of March 26, 2001, the defendant was found to be in arrears in child support and day care costs in the amount of $3,661.00. The plaintiff now moves to lift the stay on the issues alimony and property distribution.[1]
 DISCUSSION
The plaintiff argues that the stay should be lifted and the issues of property and alimony be decided by this court. The defendant argues the action should be dismissed because the court does not have personal jurisdiction over the defendant and Sweden is a more appropriate forum under the doctrine of forum non conveniens because Sweden has already assumed jurisdiction.
"An order to pay money as alimony is a judgment in personam." Wieduwiltv. Wieduwilt, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 0156678 (February 22, 2000, Doherty, J.) (26 Conn.L.Rptr. 559). General Statutes § 46b-46 confers jurisdiction over non-residents in actions for alimony.[2]
Practice Book § 25-12 in pertinent part provides: "(a) Any defendant, wishing to assert grounds to dismiss the action under Section25-13 (2) . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance. (b) Any claim based on Section 25-13 (2) . . . is waived if not raised by a motion to dismiss filed . . . within the time provided in this section." Practice Book § 25-13(a) in pertinent part provides: "The motion to dismiss shall be used to assert . . . (2) lack of jurisdiction over the person. . . ." "Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." Kim v. Magnotta,249 Conn. 94, 102, 733 A.2d 809 (1999).
In the present case, the defendant has failed to challenge the court's personal jurisdiction over him through a motion to dismiss within the required thirty days. An appearance for the defendant was filed by Attorney Bruce Chamberlain on April 4, 2000, and he did file a motion to dismiss within thirty days of that date. The motion to dismiss was, however, on the grounds that the court lacked subject matter CT Page 6371 jurisdiction.[3] As a result of his failure to file a motion to dismiss for lack of personal jurisdiction, the defendant waived any challenge to the court's exercise of personal jurisdiction.
Pendency of an action in one state or country is not a ground for dismissal of a later action in another state. Babouder v. Abdennur,41 Conn. Sup. 258, 566 A.2d 457 (1989). "On the other hand, judgments of courts of foreign countries [may be] recognized in the United States because of the comity due to the courts and judgments of one nation from another. . . . This principle is frequently applied in divorce cases; a decree of divorce granted in one country by a court having jurisdiction to do so will be given full force and effect in another country by comity, not only as a decree determining status, but also with respect to an award of alimony and child support." Litvaitis v. Litvaitis,162 Conn. 540, 544, 295 A.2d 519 (1972). Therefore, the action in Sweden does not prevent the present case from proceeding and the court may accept the Swedish divorce decree and proceed with the ruling on alimony and property division.
The marital property is located in Connecticut and according to the plaintiffs Swedish attorney, a property distribution determination will likely take several years in Sweden because the property is in Connecticut.[4] Additionally, this court has already ordered a ruling on child support and child support and alimony should be decided together. Fahy v. Fahy, 227 Conn. 505, 515, 630 A.2d 1328 (1993). "As a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice." Reed v. Commercial Union Ins.Co., 60 Conn. App. 200, 203, 758 A.2d 914 (2000). Therefore, this court is the appropriate forum to determine property distribution and alimony.
 CONCLUSION
The motion to lift the stay is granted and this court will proceed with a determination of alimony and property distribution.
 _____________________ KENEFICK, JUDGE