## JOHN H. SAUTER *v.* ROBERTA R. SAUTER (2903)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued March 6—decision released July 30, 1985

*Louis Kiefer,* for the appellant (plaintiff).

*Nancy Conaway-Raczka,* with whom, on the brief, were *Ivar A. Jozus, Joseph E. Milardo, Jr.,* and *Dean A. Thomasson,* for the appellee (defendant).

SPALLONE, J. The parties to this dissolution action were married in Vermont in 1958. They later moved to New York, where the defendant continues to reside. The plaintiff has lived in Connecticut since 1980.

On April 2, 1983, the defendant commenced a dissolution action against the plaintiff in New York. The plaintiff was personally served in that action and appeared in the New York court through counsel. On July 23, 1983, the plaintiff instituted the present action in Connecticut. The defendant moved to dismiss the Connecticut action on two grounds. She claimed, first, that the prior pending action in New York was reason to abate the Connecticut action and, second, that the trial court lacked subject matter jurisdiction because neither party was domiciled in Connecticut. The trial court granted the motion to dismiss, finding that the plaintiff remained domiciled in New York and that New York was the proper jurisdiction in which to maintain the dissolution action. The plaintiff now appeals from the judgment rendered on that dismissal.

The plaintiff argues that the trial court erred, first, in considering the question of domicil prior to trial, and second, in finding that he was a domiciliary of New York. As an alternate ground upon which the judgment may be affirmed; Practice Book § 3012 (a); the defendant argues that the court properly dismissed the action because of the prior pending suit between the parties in New York.

The plaintiff initially argues that the court erred in dismissing the action for lack of subject matter jurisdiction because it should not have considered the question of domicil until trial. On the basis of *LaBow* v. *LaBow,* 171 Conn. 433, 370 A.2d 990 (1976), he argues that while domicil is essential to "final jurisdiction," residence alone provides jurisdiction for the filing of a dissolution complaint. We agree.

In *LaBow,* our Supreme Court pointed out that the term "residence" as used in our dissolution statutes has been construed by our courts to require domicil plus substantially continuous physical residence in this state

for the granting of a dissolution decree. Id., 437. It also noted that General Statutes (Rev. to 1977) § 46-35,[1] the immediate predecessor of General Statutes § 46b-44[2] which currently sets forth the jurisdictional requirements applicable to dissolution actions, required "domicil plus substantially continuous residence in Connecticut by one of the parties for the twelve months next prior to *either* the filing of the complaint or the granting of the decree." (Emphasis in original.) Id. Because jurisdiction to grant a decree on the basis of one year's residence prior to the decree cannot be determined until the date of the decree, the court held that residence of one party, *without a showing of domicil,* is sufficient to give the court subject matter jurisdiction for the purposes of filing a complaint or for the granting of alimony and support pendente lite. Id., 439; see McAnerney & Schoonmaker, "Connecticut's New Approach to Marriage Dissolution," 47 Conn. B.J. 375, 379 (1973).

---

[1] General Statutes (Rev. to 1977) § 46-35 provided in pertinent part: "No decree dissolving a marriage or granting a legal separation shall be entered unless one of the parties to the marriage has been a resident of this state for at least twelve months preceding the date of the filing of the complaint or next preceding the date of the decree . . . *provided nothing herein shall be construed to prevent the filing of a complaint at any time after either party has established residence in this state or the granting of temporary relief pursuant to such complaint* . . . ." (Emphasis added.)

[2] General Statutes § 46b-44 provides in pertinent part: "(a) A complaint for dissolution of a marriage or for legal separation may be filed at any time after either party has established residence in this state.

"(b) Temporary relief pursuant to the complaint may be granted in accordance with sections 46b-56 and 46b-83 at any time after either party has established residence in this state.

"(c) Decree dissolving a marriage or granting a legal separation may be entered if: (1) one of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree; (2) one of the parties was domiciled in this state at the time of the marriage and returned to this state with the intention of permanently remaining before the filing of the complaint; or (3) the cause for the dissolution of the marriage arose after either party moved into this state. . . ."

Subsequent to *LaBow,* General Statutes (Rev. to 1977) § 46-35 was amended and transferred to General Statutes § 46b-44 by Public Acts 1978, No. 78-230, § 20. The amendment, however, was merely a technical revision and was not intended to effect a change in the substance of the law. Hearings before Joint Standing Committee on the Judiciary, Pt. 4, 1978 Sess., pp. 1558–59. We thus conclude that *LaBow* is dispositive of this case and that the trial court erred in dismissing this action for absence of subject matter jurisdiction based on lack of domicil. Having so concluded, we need not reach the issue of whether the trial court was correct in finding that the plaintiff was domiciled in New York.

There is no merit to the alternate ground for affirming the judgment which the defendant has raised, that is, that the trial court properly dismissed this action because of the prior pending suit in New York. The rule that the pendency of a prior action between the same parties and to the same ends is grounds for dismissal has efficacy only where the actions are pending in the same jurisdiction. The pendency of an action in one state is not a ground for abatement of a later action in another state. *Schaefer* v. *O. K. Tool Co., Inc.,* 110 Conn. 528, 535, 148 A. 330 (1930); 1 Stephenson, Conn. Civ. Proc. § 104 (a). This is so even though the court in which the first action is pending has acquired complete jurisdiction and even though the parties are reversed in the subsequent action. 1 C.J.S., Abatement and Revival § 65 (a); see *Miller* v. *Miller,* 213 Neb. 219, 221–22, 328 N.W. 2d 210 (1982).

It makes little sense, however, for two actions for the same relief to be litigated in parallel, with "the plaintiff in each seeking to rush to judgment." *Nielsen* v. *Nielsen,* 3 Conn. App. 679, 684, 491 A.2d 1112 (1985). In the interests of judicial economy, a court may, in the exercise of its discretion, order that the second

action be stayed during the pendency of the first action, even though the actions are pending in different jurisdictions. 24 Am. Jur. 2d, Divorce and Separation § 181. "[W]here an action is pending in one state, the court of another state in which another action, involving the same parties and subject matter, is brought, may grant a stay of proceedings in the latter action, unless plaintiff will consent to stay or dismiss the second action in the other state; but such a stay is not a matter of right and is not required, but rests within the discretion of the court in the exercise of which it must see that injustice is not done; and a stay should not be ordered if the opportunity to obtain satisfaction in the foreign suit is not as good as the domestic suit, or that it appears that the foreign suit was instituted merely to forestall the domestic suit." 1 C.J.S., Actions § 133, p. 1410. We express no opinion as to whether a stay should be granted in this case upon remand, but merely note that the defendant is not without a remedy.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with the law.

In this opinion the other judges concurred.