[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO DISMISS
On January 5, 1993 the plaintiffs Lawrence DeAngelis (hereafter "DeAngelis"), a Connecticut resident, and 500 Park Avenue Corporation (hereafter "Park Avenue"), a Connecticut corporation, filed a four count complaint against the defendant Manhattan Leasing Group, Inc. (hereafter "Manhattan"), a New York corporation licensed to do business in Connecticut. The subjects of this lawsuit are two automobile lease agreements, one for a 1989 Mercedes Benz 560SEL and one for a 1989 Toyota Camry, which DeAngelis executed in his personal capacity and as guarantor. Counts I and II of the complaint address the Mercedes lease (hereafter "first lease" or "first lease agreement") and assert, respectively, causes of action against Manhattan for breach of contract and violation of Conn. Gen. Stats. 42-110b et seq. (Connecticut's Unfair Trade Practices Act or "CUTPA"). Counts III and IV concern the Toyota lease (hereafter "second lease" or "second lease agreement") and assert, respectively, causes of action for abuse of process and violation of CUTPA.
On January 4, 1993, an appearance was filed for Manhattan. On February 24, 1993, Manhattan filed a Motion to Dismiss, and supporting memorandum, which asserted three grounds for dismissal: (1) the court lacks jurisdiction based on the forum selection clause contained in each lease agreement; (2) there is a prior pending action in New York State concerning the first lease; and (3) it had obtained a default judgment in New York State against DeAngelis and Park Avenue in an action concerning the second lease. The plaintiffs filed a memorandum in opposition to the Motion to Dismiss on March 12, 1993.
Manhattan first argues that the present action should be dismissed based on the forum selection clause contained in the parties' lease agreements. These lease agreements provide as follows:
 This lease shall be interpreted in accordance with the laws of the State of New York . . . Lessee and any guarantor hereof consent to the jurisdiction of any state or federal court located within the State of New York and agree that all actions . . . CT Page 6093 arising . . . from this lease shall be litigated only in courts having such situs . . . .
(Exhibits A B to Motion to Dismiss)
"The invocation of a forum selection clause . . . is really an argument that personal jurisdiction should not be exercised." (Citations omitted.) Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575, 577-78, 595 A.2d 951
(Super.Ct. 1991). Challenges to the court's exercise of personal jurisdiction over a defendant are properly raised by a motion to dismiss pursuant to Practice Book 143(2). Chrysler Credit Corporation v. Fairfield Chrysler-Plymouth, Inc.,180 Conn. 223, 226, 429 A.2d 478 (1980).
However, a "claim of improper forum must be made within the time limits established by Practice Book 142." Emlee Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. at 577. Section 142 requires that the motion to dismiss be filed within thirty days of the filing of a general appearance. In the present case, counsel for Manhattan filed an appearance on January 4, 1993, and filed its motion to dismiss on February 24, 1993. Thus, Manhattan has waived its right to assert a claim of lack of personal jurisdiction based on improper forum because it failed to file a motion to dismiss within thirty days of the filing of its appearance. Id. at 578; Practice Book 144.
Manhattan next asserts that this case should be dismissed because an action involving the same parties and the same issues as alleged in Counts I and II is presently pending in the Supreme Court of the State of New York. Although the prior pending action doctrine does not truly implicate the court's subject matter jurisdiction, it may be raised by way of a motion to dismiss. The doctrine formerly could be raised by way of a "plea in abatement." The plea in abatement has been replaced by the motion to dismiss and is the "proper device" to raise the prior pending action doctrine. Halpern v. Board of Education,196 Conn. 647, 652 n. 4, 495 A.2d 264 (1984). There is no rule which requires that a motion to dismiss based on the prior pending action doctrine to be raised within thirty days of the filling of an appearance.
On January 27, 1992, Manhattan commenced an action in the Supreme Court of the State of New York (Manhattan Leasing Group, CT Page 6094 Inc. v. Reservoir Auto Mart, Inc. and Lawrence DeAngelis, Index #3260/92) based on allegations that Reservoir and DeAngelis breached the parties' first lease agreement (See verified complaint, attached as Exhibit C to Manhattan's Motion to Dismiss.). Manhattan's vice president attests that this action is presently pending in the New York trial court. (Affidavit of Larry Altman in support of Manhattan's Motion to Dismiss, at paragraph 6.). DeAngelis has filed an answer and thirteen affirmative defenses in the New York action (See Exhibit D to Manhattan's Motion to Dismiss.).
For the prior pending action doctrine to be invoked properly, both actions must be pending in the same state and they must involve the same parties and the same issues. Halpern v. Board of Education, 196 Conn. at 652-53; Sauter v. Sauter,4 Conn. App. 581, 584, 495 A.2d 1116 (1985); Stephenson, I Connecticut Civil Procedure 104 (2d ed. 1982). "The pendency of an action in one State is not pleadable in abatement of a suit subsequently brought for the same cause of action in another state." Schaefer v. O.K. Took Co., Inc., 110 Conn. 528,535, 148 A. 330 (1930), citing Hatch v. Spofford, 22 Conn. 485,496 (1853).
The present case does not meet any of the requirements of the prior pending action doctrine which is "not a rule of unbending rigor, nor of universal application, nor a principle of absolute law [but] rather a rule of justice and equity. . . ." Id. at 494, cited (with approval) in Halpern v. Board of Education, 196 Conn. at 652-53 and Solomon v. Aberman, 196 Conn. 359,383, 493 A.2d 193 (1985). First, the prior action is pending in New York, not Connecticut. Second, the defendants in that case are both DeAngelis, a plaintiff in this suit, and Reservoir Auto Mart, Inc., not a party to this suit. Finally, while the New York case concerns the first lease, which is also the subject of Counts I and II of this suit, it alleges breach of contract while the suit here also involves an alleged CUTPA violation and claims directed to the second lease. Accordingly, the pendency of the case in the Supreme Court of New York does not provide a basis for dismissal of this action.
Finally, Manhattan relies on a default judgment obtained against Park Avenue and DeAngelis in New York in the District Court of the County of Nassau, First District, Hempstead-Civil, after they failed to appear and answer (See Exhibit E to Motion to Dismiss) to assert a lack of jurisdiction over Counts III and CT Page 6095 IV which concern the second lease agreement. The existence of such a judgment, to the extent it may be entitled to full faith and credit, see Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468,451 A.2d 291 (App. Sess. 1982), does not deprive this court of jurisdiction over this case. See Mailhouse, Inc. v. Morf,1 CSCR 377, 378 (July 21, 1986)(Melville, J.) "A prior judgment which would be a bar to a later action . . . is a defense which must be specially pleaded by the party who seeks its benefit. [Citations omitted]." Beccia v. Waterbury, 185 Conn. 445, 451,441 A.2d 131 (1981). Practice Book 164. This rule applies equally to the judgment of other states. 3 Freeman on Judgments 1358 (5th ed. 1925).
Accordingly, for the foregoing reasons, the defendant's motion to dismiss is denied.
LINDA K. LAGER, JUDGE