[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STAY OF DEFENDANT FIDELITY 
DEPOSIT COMPANY OF MARYLAND
The defendant Fidelity Deposit Company of Maryland ("FD") has moved for a stay of this action on the ground that substantially identical issues are pending against substantially similar parties in prior filed actions in New York Supreme Court and in the United States District Court for the District of Connecticut. In the alternative, FD has moved that the courts sever the claims against FD and stay those CT Page 6225 claims.
The plaintiffs in this action are investors in a real estate limited partnership syndication entitled Colonial Constitution Limited Partnership ("Colonial Constitution"). FD acted as surety on notes executed by approximately three hundred of the investors in their purchases of their limited partnership interest in Colonial Constitution.
FD has alleged that numerous investors in Colonial Constitution defaulted on their obligations under the notes. In July 1991, FD filed suit in New York Supreme Court to recover its losses from defaulting investors it had bonded. Fidelity Deposit Company of Maryland v. Altman Co., Index No. 17866/91 ("Altman"). The investors have responded in the Altman action with affirmative defenses and counterclaims which assert that Colonial Realty Company, and its principals Jonathan Googel, Benjamin Sisti, Frank Schuch and William Candelori and others made various misrepresentations to induce investors to invest in Colonial Constitution including misrepresentations of financial net worth of Jonathan Googel, Benjamin Sisti, Frank Schuch and William Candelori and as to the amount of income which would be generated by the real estate owned by Colonial Constitution. Those affirmative defenses and counterclaims further allege that the investors in Colonial Constitution were not "accredited" in accordance with the requirements of relevant securities laws and that Colonial Realty Company and its principals as well as various lending institutions involved, including FD, were in possession of financial statements from the investors many of which contained deliberate changes including material alterations and/or forgeries.
The special defenses and counterclaims in Altman allege violations of the the Connecticut Uniform Securities Act, breach of duty of good faith and fair dealing, unconscionable practices, common law fraud, and negligence in failing to discover fraud.
Since the filing of FD's motion to stay in this action, the New York Supreme Court has denied the defendants' motion to dismiss and has entered a discovery and briefing schedule in connection with FD's motion for a summary judgment. Substantial discovery has occurred in the Altman case. CT Page 6226
The underlying facts of this action are virtually identical to those alleged in the Altman case. Causes of action alleged in this case are also substantially similar to those alleged in Altman with respect to FD except that the plaintiff in this case alleges fraudulent concealment, emotional distress and unfair trade practices against FD, which claims are not asserted by the investors in the Altman action. There are a number of defendants in this action who are not parties to the Altman action.
Connecticut courts have held that a motion for a stay of an action is within the discretion of the court Voluntown v. Rytman, 21 Conn. App. 275, 287, 573 A.2d 336 (1990). An action may be stayed in the interest of judicial economy. Nielsen v. Nielsen, 3 Conn. App. 679, 684, 491 A.2d 1112 (1985).
In International Brotherhood of Boilermakers, Iron Ship Builders, etc. v. Combustion Engineering Inc.,337 F. Sup. 1349 (D. Conn. 1971) the court granted a motion to stay the action based on the potential for conflicting decisions and the lack of prejudice to the party opposing the stay. The court in Combustion Engineering quoted the following language of Justice Cordoza in Landis v. North American Co., 299 U.S. 248,254-55, 57 S.Ct. 163, 166, 81 L. Ed 153 (1936):
 [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants. How this can best be done calls for the exercise if judgment, which must weigh competing interests and maintain an even balance. (citations omitted).
Where all the factors of comprehensive disposition of litigation, conservation of judicial resources, and fairness to the parties were satisfied, the court granted a Motion to Stay the federal action even though it found that the causes of action and claims for relief were different in the state and federal action. Zeller v. Second New Haven Bank, 454 F. Sup. 1359
(D. Conn. 1978).
In Zeller the court held that there was sufficient identity of the subject matter of the state and federal CT Page 6227 actions, to justify staying the federal action pending disposition of the state action.
With respect to the parties who are defendants in this action and not parties in the Altman case, staying the entire action would not serve to foster comprehensive disposition of litigation, nor would it conserve judicial resources. It would prejudice the plaintiff's right to prosecute the action against those defendants and would prevent those defendants from attempting to defeat the plaintiff's claims in a summary fashion by means of motions to dismiss, strike, or for summary judgment. Therefore, the motion to stay the action in its entirety is denied.
Severing the action against FD and staying it pending a resolution of the Altman case would prevent the possibility of inconsistent rulings or judgment and conserve judicial resources. It would also relieve FD of the necessity of defending against essentially the same claims in two cases. The rights of the investors would not be prejudiced because their actions in both cases are based on identical facts and virtually identical causes of action.
The plaintiff argues that Sauter v. Sauter, 4 Conn. App. 581,495 A.2d 1116 (1985) provides that a stay should not be ordered "if the opportunity to obtain satisfaction in the foreign suit is not as good as the domestic suit. . ."4 Conn. App. at 585. In Sauter the court reversed the trial court's granting of a motion to dismiss. Therefore, the aforementioned language is dicta. The decision provides no explicit or implicit indication of what "opportunity to obtain satisfaction" means. This court does not find that the addition of three causes of action in this case based on facts identical to those alleged in Altman gives the investors' a better "opportunity to obtain satisfaction" in this case than in Altman.
The court grants the motion to sever the plaintiff's action against FD and stays all proceedings in this action against FD, including discovery, until further order of this court.
By the Court
Aurigemma, J. CT Page 6227-a