[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STAY OF TARLOW, LEVY DRONEY
The defendant Tarlow, Levy Droney (TLD) has moved for stay in the above action for the reason that a virtually identical action is pending in the federal court.
The plaintiffs in this action are investors in a real estate limited partnership syndication entitled Colonial Metro Limited Partnership. The plaintiffs allege a variety of common law and state statutory law claims against various defendants, including professional malpractice, breach of fiduciary duty, fraud, negligent misrepresentation and violations of the Connecticut Uniform Securities Act and the Connecticut Unfair Trade Practices Act.
The plaintiffs have alleged virtually identical claims in an action pending in federal district court, Seeman v. Citytrust, et al, 291 CV 540 (JAC). Some of the defendants in this action are not defendants in the federal court action. TLD is a defendant in both actions.
Connecticut courts have held that a motion for a stay of an action is within the discretion of the court. Voluntown v. Rytman,21 Conn. App. 275, 287, 573 A.2d 336 (1990). An action may be stayed in the interest of judicial economy. Nielson v. Nielsen,3 Conn. App. 679, 684, 491 A.2d 112 (1985). 1349 (D. Conn. 1971), the court granted a motion to stay the action based on the CT Page 8968 potential for conflicting decisions and a lack of prejudice to the party opposing the stay. The court in Combustion Engineering quoted the following language of Justice Cardozo in Landis v. North American Co., 299 U.S. 248, 254, 55, 57 S.Ct. 163, 166,81 L. Ed 153 (1936):
 [T]he power to stay proceeding is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance (citations omitted).
Where all the factors of comprehensive disposition of litigation, conservation of judicial resources, and fairness to the parties were satisfied, the court granted a motion to stay the federal actions even though it found that the causes of action and claims for relief were different in the state and federal actions. Zeller v. Second New Haven Bank, 454 F. Sup. 1359 (D. Conn. 1978).
In Zeller the court held that there was sufficient identity of the subject matter of the state and federal actions, to justify staying the federal action pending disposition of state action.
With respect to the parties who are defendants in this action and not parties in the federal action, staying the entire action would not serve to foster comprehensive disposition of litigation, nor would it conserve judicial resources. It would prejudice the plaintiff's right to prosecute the action against those defendants and would prevent those defendants from attempting to defeat the plaintiff's claim in a summary fashion by means of motions to dismiss, strike, or for summary judgment. Therefore, the motion to stay the action in its entirety is denied.
Discovery in the federal actions and the actions pending in this court has been consolidated. Therefore, a stay of this action as to TLD would not relieve that defendant of the burden of responding to duplicative discovery motions. At oral argument TLD stated that a stay of the pleading in this action against it would relieve it of the burden of reviewing and responding to pleadings in what is essentially the same action pending in two different courts.
The plaintiff argues that Sauter v. Sauter, 4 Conn. App. 581,495 A.2d 1116 (1985), provides that a stay should not be ordered "if the opportunity to obtain satisfaction in the foreign suit is not CT Page 8969 as good as the domestic suit. . . ." 4 Conn. App. at 585. In Sauter the court reversed the trial court's granting of a motion to dismiss. Therefore, the aforementioned language is dicta. The decision provides no explicit or implicit indication of what "opportunity to obtain satisfaction" means. This court does not find the addition of several additional causes of action in this case based on facts identical to those alleged in the federal action give the investors a better "opportunity to obtain satisfaction" in this case than in the action pending in federal court.
At oral argument the plaintiff admitted that the class of plaintiffs represented by the plaintiffs in this case includes, potentially, all investors in the Colonial Metro Limited Partnership and that such class is identical to the class represented by the plaintiff in the federal action. This court sees no reason why TLD should have to defend the same action in two courts at one time and, therefore, grants a stay of this action as to TLD as to all proceedings except discovery until further order of this court.
Aurigemma, J.