[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The defendant John R. Blum, has filed a motion to dismiss the plaintiff's complaint, or in the alternative to stay the action, on the ground that a prior pending action involving the same parties and the same subject matter is presently pending in the supreme court of the State of New York. Pursuant to Practice Book 143 the defendant has submitted a supporting memorandum of law and a copy of the complaint from the New York law suit. . . . The plaintiff has failed to file any opposition to the defendant's motion.
The prior pending action doctrine does not truly implicate the court's subject matter jurisdiction, however, it may properly be raised by a motion to dismiss. Halpern v. Board of Education,196 Conn. 647, 652 n. 4, 495 A.2d 264 (1984). The rule states that "when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court." (Internal quotation marks omitted.) Id., 652; BCBS Goshen Realty, Inc. v. Planning Zoning Commission, 22 Conn. App. 407, 408, 577 A.2d 1101 (1990).
For the prior pending doctrine to be invoked properly, both actions must be pending in the same state and they must involve the same parties and the same issues. Halpern v. Board of Education, supra, 652-53; Sauter v. Sauter, 4 Conn. App. 581, 584,495 A.2d 1116 (1985). "The pendency of an action in one state is not a ground for abatement of a later action in another state." Id., citing Schaefer v. O.K. Tool Co., 110 Conn. 528, 535, 148 A. 330
(1930).
The present case meets all of the requirements of the prior pending action doctrine except for the fact that the two actions are in different states. It makes little sense for two actions for the same relief to be litigated in parallel with "the plaintiff in each case seeking to rush to judgment." Nielsen v. Nielsen,3 Conn. App. 679, 684, 491 A.2d 1112 (1985). Accordingly, this court orders that the second action be stayed during the pendency of the first action. Sauter v. Sauter, supra, 584-85.
PICKETT, J. CT Page 2138