[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this two count complaint alleging breach of contract and unjust enrichment, the plaintiff, Bennell Hanover Associates, a partnership, seeks to recover on a $125,000 promissory note allegedly executed by the defendant, Patricia E. Benedict. The plaintiff alleges that the defendant executed a demand note in this amount on January 15, 1986. that in June of 1992, the plaintiff demanded payment of $100,000, and that the defendant failed to pay the note, plus interest at the rate of 6%.
The defendant filed an answer and five "affirmative" defenses, referring to special defenses. Practice Book 164. These defenses assert that if defendant signed the note, she was induced to do so by fraud; that the note is void for illegality; CT Page 2998 that if signed, it was the result of duress; that the note is unconscionable; and that there is a failure of consideration.
The plaintiff has filed a motion (#110) for summary judgment claiming that there exists no genuine issue of material fact. In support of its motion, the plaintiff submitted a very comprehensive set of papers, including: the affidavit of Elena Duke Benedict, the general managing partner of the plaintiff partnership, and mother of the defendant, attesting to the execution by defendant of the $125,000 promissory note; a copy of the promissory note allegedly executed by defendant; a copy of the letter to defendant demanding payment of the promissory note; the New York Supreme Court decision granting summary judgment against defendant's sister and denying her motion to stay the action on her promissory note in the New York state action; the affidavit of Kathleen M. Dunne, the corporate secretary for the company that provides financial and record keeping services to the plaintiff, to which is annexed a copy of a check from the plaintiff to the defendant purportedly including $125,000, the basis for the January 15, 1986 note; the affidavit of Peter J. Repetti, an accountant for the plaintiff partnership, confirming a loan to the defendant of $125,000; a copy of the Bennell Hanover Associates Financial Statements; a copy of the defendant's 1986 tax return; a second affidavit executed by Elena Duke Benedict; the affidavit of Elise B. Browne, a sister of the defendant, who confirms that she and each of her five sisters, including the defendant, received loans of $125,000 from the plaintiff partnership; and the affidavit of Richard F. Markert, an attorney for the plaintiff. In opposing plaintiff's motion for summary judgment, defendant submitted her own affidavit dated May 18, 1983.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506
(1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin, 208 Conn. 606, 616,546 A.2d 250 (1988).
"[T]he party seeking summary judgment has the burden of CT Page 2999 showing the nonexistence of any material fact." (citations and internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334
(1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (citations and internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., supra, 579. In deciding such a motion, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, supra.
"Generally speaking, summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." United Oil v. Urban Redevelopment Commission, 158 Conn. 364, 375, 260 A.2d 596 (1969). "It is, however, apt to be ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial." Id.
In her affidavit in opposition to summary judgment, the defendant states: "more likely, they (plaintiff in this action) fraudulently induced me to sign it (the note) to enhance their economic leverage against me (and my sisters) in the event we should one day challenge their misconduct." The defendant also claims that she has no recollection of signing the note or receiving consideration for it.
It is axiomatic that summary judgment is "particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." United Oil Co. v. Urban Redevelopment Commission, supra, 376. Since our task, according to Nolan v. Borkowski, 206 Conn. 495, 501, 538 A.2d 1031 (1988), is not to decide the merits of any issue, but only to ascertain whether genuine issues of material fact exist, the defendant's affidavit sufficiently raises several issues which warrant a full trial on the merits.
In addition to the motion for summary judgment filed by plaintiff, the defendant also filed a motion (#103) to stay this action because a related action "between substantially similar parties" was commenced prior to the present case in this court and is still pending in the United States District Court in New York City. This motion is denied because the parties are not the CT Page 3000 same, and the issues are different.
"Where an action is pending in one state, the court of another state in which another action, involving the same parties and subject matter, is brought. may grant a stay of proceedings in a latter action." (citation and internal quotation marks omitted.) Sauter v. Sauter, 4 Conn. App. 581, 585, 495 A.2d 1116
(1985). The plaintiff in this case is not a party to the federal court action and the only party common to both actions is the defendant, who, along with one of her sisters, has sued various officers of business entities connected with the plaintiff partnership. Furthermore, the present action seeks to collect money on a promissory note, while the federal action involves allegations of RICO violations, removal of directors, officers and trustees, breach of fiduciary duty, and attorney malpractice.
In summary, both the motion by plaintiff for summary judgment and the motion by defendant for a stay of the present action are denied.
So Ordered.
Dated at Stamford. Connecticut, this 18th day of March, 1994.
William B. Lewis, Judge