[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR STAY OF DEFENDANTS HOWMET CORPORATION ANDPECHINEY CORPORATION (#192)
CT Page 8761
The plaintiff insurance companies (Travelers) seek a declaratory judgment as to their respective rights and obligations under certain liability insurance policies (policies) which they issued to the defendants Howmet and Pechiney (Howmet) and its predecessors and/or affiliates.[1] Travelers has also sued 35 other insurers in this action begun in May, 1995. Specifically, Travelers seeks a determination that it owes no duty of defense or indemnity under the policies as to certain environmental claims made involving three industrial sites used, owned and/or its predecessors or affiliates.
The three sites originally at issue here, are the Holden Mine site in Chelan, Washington (Holden), the BMI Complex in Clark County, Nevada (BMI) and the Kennecott site in Salt Lake City, Utah (Kennecott). During oral argument the court was informed that the claim regarding the BMI site will be withdrawn and that the Kennecott site claim would be litigated in New Jersey, leaving the Holden site, which Travelers urges should be litigated in Connecticut.
The New Jersey litigation, covering a number of sites, which involved the same parties and the same insurance policies, commenced in 1986, and was eventually settled. In 1991, the New Jersey court ruled that Howmet should commence a new action for two additional sites, (Blackbird and Dover) rather than amending its then pending 1986 complaint. The 1991 litigation has been proceeding space, and Judge Sheldon found that the Holden site claim, under New Jersey's liberal relation back of claims rule was first filed in New Jersey, as it related back to 1991, and therefore, was filed before Travelers' suit here. It appears however, that claims relating to the Holden site were not intensively investigated, nor discovery sought, until recently.
Almost concurrently, Travelers sought to stay the portion of the New Jersey litigation relating to Holden while Howmet seeks to stay the Connecticut proceedings.
The New Jersey trial judge (Stanton, J.), granted Travelers' motion to stay the Holden claim, which order Howmet appealed. Upon reversal, Judge Stanton on reconsideration in the light of the Appellate Division's remand, denied Traveler's motion to stay and also denied Howmet's motion to enjoin Travelers from CT Page 8762 proceeding to litigate the Holden site claim here.
Howmet essentially argues in support of its motion that a stay will: (1) preserve the resources of this court and the parties and promote judicial economy; (2) that Travelers has engaged in "forum shopping"; (3) the New Jersey litigation is more complete, as it presently includes two of the three sites originally at issue in this action, as well as a number of additional sites, and also includes Howmet's claim for breach of contract damages, while the Connecticut action (at present) seeks only a declaratory judgment; (4) the New Jersey action is more advanced, in terms of discovery, including a number of depositions taken involving the Holden site, without notice to or the presence of Howmet's Connecticut counsel; (5) the simultaneous pendency of the two actions will result in a "rush to judgment," leading to confusion between the two courts and the possibility of inconsistent legal rulings, and (6) there is another form of relief available, and in any case, Traveler's action for a declaratory judgment is subject to a motion to strike.
Travelers essentially argues in opposition to the stay that: (1) Connecticut is the home state of Travelers and Howmet, (2) Judge Stanton's granting of the stay gave express deference to the Connecticut court to proceed with the Holden claim; (3) the Holden litigation was first filed in Connecticut; (4) Howmet is collaterally estopped from relitigating Judge Friend's order which conditionally granted Howmet's motion to formally add the Holden claim to the New Jersey complaint; (5) Connecticut has more significant interests in adjudicating the Holden claim than New Jersey and the Holden claim will likely receive more expeditious adjudication in this state; and (6) simultaneous prosecutions of both actions will not result in confusing or conflicting legal rulings, nonduplicative site specific discovery will be required regardless of where the litigation proceeds, procedural problems from parallel proceedings will not be a great concern, and that maintaining the Connecticut action will not further piecemeal litigation.
It is significant that Judge Sheldon, while denying Howmet's motion to dismiss for forum non conveniens, discussed the test by which federal courts must determine if federal declaratory judgment actions should be stayed or dismissed in favor of parallel state actions under Wilton v. Seven Falls Co.,
___ U.S. ___, 114 S.Ct. 2137, 132 L.Ed.2d 214 (1995). He noted that: "A CT Page 8763 stay, unlike a dismissal, leaves the court in a position to monitor the progress being made in the parallel litigation, and to reassert its jurisdiction over the parties' dispute if the interests of justice so dictate. To adopt the less drastic remedy of a stay, a less stringent test or standard [than for a dismissal] is arguably justifiable."
". . . [I]f Howmet's motion did ask for a stay, the Court would be bound to apply Connecticut's own well-settled rules for determining the appropriateness of staying an in-state action in favor of an out of state action involving the same parties and the same subject matter. See generally, Sauter v. Sauter,4 Conn. App. 581, 584-85 (1985)." Memorandum, 15, n. 10.; see also, 28, n. 14.
Sauter v. Sauter, supra, 4 Conn. App. 584-85, states: "It makes little sense, however, for two actions for the same relief to be litigated in parallel, with the plaintiff in each seeking to rush to judgment. In the interests of judicial economy, a court may, in the exercise of its discretion, order that the second action be stayed during the pendency of the first action, even though the actions are pending in different jurisdictions.
Where an action is pending in one state, the court of another state in which another action, involving the same parties and subject matter, is brought, may grant a stay or proceeding in the latter action, unless plaintiff will consent to stay or dismiss the second action in the other state; but such a stay is not a matter of right and is not required, but rests within the discretion of the court in the exercise of which it must see that injustice is not done; and a stay should not be ordered if the opportunity to obtain satisfaction in the foreign suit is not as good as the domestic suit, or that it appears that the foreign suit was instituted merely to forestall the domestic suit." (Internal citations and quotation marks omitted).
The Connecticut proceedings have been pending for over two years, and the pleadings are not yet closed. It is exceedingly unlikely, considering what has transpired to date, that these proceedings would be ready for trial in the near future.[2]
This is especially so as Howmet has indicated its intention to move to strike Traveler's claim for a declaratory judgment. This will inevitably lead to another round of briefs and oral argument and determination of the sufficiency of the complaint by a Connecticut judge. No matter how prompt a briefing and argument CT Page 8764 schedule may be implemented, additional time and effort will be expended. Indeed, what has happened in the past two months, with counsel whip sawing both state courts over tangential matters belies Travelers' argument that procedural problems from parallel proceedings will not be a great concern or cause piecemeal litigation. It also graphically demonstrates the danger of confusion and inconsistent rulings, placing each court, in a continuous `Alphonse-Gaston' mode, and invites the litigants to remain on a perpetual Sysiphus type round trip between the two states.[3]
It is abundantly clear that allowing parallel actions to proceed will require needless expenditures of time and resources of the litigants, counsel and the courts, will not further or enhance judicial economy, will encourage forum shopping and condone procedural `gamesmanship at the expense of the interests of justice'.
Even though the Holden claim may be overlapping, the issues for resolution in New Jersey are substantially similar. The parties and the policies are the same. The requests for relief are substantially similar.
It also appears that the New Jersey court has been successful in proceeding with this case both logistically and mechanically. Moreover, it has successfully achieved a resolution of a number of disputes which have previously divided the parties.
Travelers' claims relating to the rulings of Judge Stanton and Friend merit little discussion. Judge Stanton's order staying the Holden claim proceedings was reversed on appeal, and upon remand and reconsideration, he denied the stay. Therefore, Travelers' additional claim that Judge Stanton's initial ruling demonstrated a deference to the Connecticut court was eclipsed by events. Travelers' claim that Judge Friend's order permitting Howmet to amend its complaint to include the Holden claim, upon condition that the Connecticut proceeding be dismissed, also warrants deference to the Connecticut court, is not supported by the terms of the order, which is silent if the dismissal were not to be granted.
Although the fact that Connecticut is the home state of both Travelers and Howmet is entitled to great weight, under the totality of the circumstances, after balancing the Sauter
factors, I find that the concept of judicial economy is CT Page 8765 overarching and must control. It would allow the parties to concentrate their time and energies in one forum, thereby avoiding unnecessary expense, duplications of pleadings and discovery, confusion, and perhaps inconsistent rulings. Single forum litigation will also discourage races to the courthouse and thereby avoid the dissipation of the resources of all concerned.
Accordingly, in the light of the above findings, and for the reasons stated, Howmet's motion is granted, and the proceedings herein are ordered stayed until the parallel action in New Jersey is concluded.
Teller, J.