[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS # 101
On June 9, 1968, the plaintiff, Peter Welch, and the defendant, Florence Welch, intermarried in Pelham, New York. The parties have three children issue of their marriage, one of whom is still a minor, Ian Welch, born November 2, 1981.
On April 29, 1997, the plaintiff filed a divorce action seeking the dissolution of his marriage to the defendant, joint custody of the minor child, an assignment of a portion of the defendant's estate, and such other relief as the court may deem proper.[1] On June 18, 1997, the defendant's counsel filed an appearance in this case. On July 3, 1997, the defendant filed a motion to dismiss the plaintiff's action. The defendant's motion to dismiss is based on two grounds: (1) he claims that Connecticut lacks subject matter jurisdiction because neither party resided in the state at the time the action was commenced; and (2) even if the court determines that Connecticut has jurisdiction, it should choose not to exercise such jurisdiction as this state would be an inconvenient forum.
In support of his motion to dismiss, the defendant filed a memorandum in support and attached his sworn affidavit. In response, the plaintiff filed a memorandum of law in opposition on July, 10, 1997.[2]
"A motion to dismiss . . . properly attacks the jurisdiction CT Page 5226 of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
In his memorandum of law, dated January 28, 1998, the defendant argues that his motion to dismiss should be granted because Connecticut is an inconvenient forum and because Connecticut lacks personal jurisdiction over him.
This court finds that Connecticut is an inconvenient forum to decide the plaintiff's divorce action. Therefore, it is not necessary to discuss the issue concerning personal jurisdiction. "As a rule, when a court finds it has jurisdiction over a cause of action, it has both the right and the duty to exercise that power." Sabino v. Ruffolo, 19 Conn. App. 402, 405, 562 A.2d 1134
(1989). The common law principle of forum non conveniens, however, provides that a court "may resist imposition upon its jurisdiction even when it has jurisdiction." (Emphasis in original, internal quotation marks omitted.) Brown v. Brown,195 Conn. 98, 108, 486 A.2d 1116 (1985). "[A] plaintiff's choice of forum should rarely be disturbed. However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case." (Internal quotation marks omitted.) Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241,102 S.Ct. 252, 70 L.Ed.2d 419 (1981), reh. denied, 455 U.S. 928,102 S.Ct. 1296, 71 L.Ed.2d 474 (1982).
"As a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice." Union Carbide Corporation v. Aetna Casualty SuretyCo., 212 Conn. 311, 319, 562 A.2d 15 (1989). (Citations omitted; internal quotation marks omitted.) "[T]he trial court's exercise of. . . discretion may be reversed only upon a showing of clear abuse." Id.
CT Page 5227
In applying the doctrine of forum non conveniens, the Connecticut Supreme Court has referred to the analytical guidelines stated in Gulf Oil Corporation v. Gilbert,330 U.S. 501, 67 S.Ct. 839, 91 L.Ed 1055 (1947).[3] "It bears emphasis, however, that these guidelines begin with the proposition that the trial court's exercise of its discretion may be reversed only upon a showing of clear abuse." Union Carbide Corporation v.Aetna Casualty Surety Co., supra, 212 Conn. 319. "It bears equal emphasis that federally crafted guidelines do not impose binding directives upon our Connecticut common law, but rather should be viewed as illuminating the variety of competing private and public considerations that a trial court must weigh in the balance as it determines whether dismissal for forum non conveniens is warranted." Id. Further, these guidelines do not exhaust the equitable considerations applicable under Connecticut's common law doctrine of forum non conveniens. Id.
In the present case, the plaintiff is seeking the dissolution of his marriage to the defendant, joint custody of the minor child, an assignment of a portion of the defendant's estate, and such other relief as the court may deem proper. The plaintiff concedes that the State of New York has sole jurisdiction to determine the custody of the minor child. The plaintiff, however, argues that Connecticut has jurisdiction and should retain jurisdiction to dissolve the marriage of the parties and to address all of the financial issues in this case.
"Alimony and support have historically been treated by both the legislature and the courts of Connecticut as entirely interwoven. The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other . . . This principle recognizes a very practical truth: orders of periodic alimony and orders of child support, although resting on different legal bases — namely, financial maintenance of the former spouse and financial maintenance of children — in most cases must be crafted so that, conjunctively, they provide for fair and reasonable financial maintenance of the remaining family unit." (Citations omitted; internal quotation marks omitted.) Fahyv. Fahy, 227 Conn. 505, 515, 630 A.2d 1328 (1993). "Entering permanent financial orders prior to a custody determination, where custody is contested, contravenes both long standing common law tradition and legislative factors the court must consider when entering financial orders." Gager v. Gager, Superior Court, judicial district of Middlesex, Docket No. 473635 15 CONN. L. RPTR. 258 (August 10, 1995) CT Page 5228 (Higgins, J.), affirmed, 44 Conn. App. 904, 688 A.2d 370 (1997); see also Doe v. Doe, 244 Conn. 403, 458 (1998).
The plaintiff states in his complaint that he is seeking joint custody of the minor child. Thus, if the court proceeds to adjudicate the plaintiff's divorce action, it would be forced to enter financial orders governing the parties without knowing how New York will resolve the issues related to custody. Since alimony and support are interwoven, this court cannot equitably and fairly determine the distribution of the parties' assets until a New York court enters a custody order.
Moreover, the plaintiff's action in Connecticut and the defendant's action in New York are materially duplicative. "It makes little sense . . . for two actions for the same relief to be litigated in parallel, with the plaintiff in each seeking to rush to judgment." Sauter v. Sauter, 4 Conn. App. 581, 584,495 A.2d 1116 (1985). Furthermore, since Connecticut does not have jurisdiction over the custody of the minor child, only a New York court can determine all the issues involved in this case. Thus, in the interest of judicial economy, Connecticut is not a convenient forum to decide this case.
Accordingly, this court dismisses the plaintiff's action based on the doctrine of forum non conveniens.
Mihalakos, J.