[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STAY PROCEEDINGS
The plaintiffs, the City of Danbury, and city officials Gene F. Eriquez, William J. Buckley and Jack S. Kozuchowski, have moved for imposition of a stay in the above-captioned action which they brought to obtain a judgment declaring that the defendant insurance companies (Liberty Mutual Insurance Company, Connecticut Interlocal Risk Management agency, St. Paul Fire Marine Insurance Company, as well as Hartford Accident and Indemnity Company, the Hartford Casualty Insurance Company, the Hartford Fire Insurance Company, New York Underwriters Insurance Company and Twin City Fire Insurance Company (collectively "The Hartford")). The plaintiffs allege that the defendant insurers have a duty under various insurance policies to defend them against several hundred claims arising from the maintenance by the City of Danbury of a landfill. Those claims are alleged in a case captioned Accashian, et al.v. Danbury, et al., Superior Court, judicial district of Waterbury, X01 CV 97 0147228 ("Accashian"), which is also assigned to the undersigned for management on the complex litigation docket.
At oral argument, the parties explained that the defendants are now paying the plaintiffs' costs of defending against the claims in Accashian
under a reservation of rights, so that the plaintiffs' motion to stay is directed not at its own claims, but at counterclaims filed by The CT Page 13433 Hartford seeking a judgment declaring that it has no duty to defend or indemnify the plaintiffs with regard to the claims made in Accashian. The other defendants have also filed counterclaims in which they invoke policy exclusions; however, the plaintiffs' motion for stay appears to have been spurred by The Hartford's active pursuit of discovery and filing of requests for admissions that relate to its counterclaim and special defenses.
The plaintiffs assert that the court should enter a stay in this case until after the resolution of Accashian. They assert that The Hartford's efforts to discover facts and otherwise pursue its position that theAccashian claims are not covered by the insurance policy at issue will impose great and possibly unnecessary burdens on the insureds, who will be faced with the need to respond simultaneous to the claims of the Accashian plaintiffs and the claims of their own insurer concerning those underlying claims. The movants assert that in plumbing the nature of Danbury's operation of the landfill, The Hartford will, moreover, aid theAccashian plaintiffs in developing the very claims its insureds seek to defeat.
Standard of adjudication
As the parties acknowledge in their briefs, the precise question whether an insurance coverage action should be stayed pending resolution of the underlying liability suit appears not to have been decided by Connecticut's appellate courts. In general, a court has discretion to stay a case pending resolution of a case that has been filed previously, whether or not both cases are pending in the same jurisdiction. Sauterv. Sauter, 4 Conn. App. 581, 584-85 (1985). Two appellate decisions cited by The Hartford involve cases in which it appears that the declaratory judgment action concerning the duty to defend and/or to indemnify the insured has progressed at the same time as the claim to which that controversy applies; see Peerless Ins. Co. v. Gonzalez, 241 Conn. 476
(1997), and Holy Trinity Church v. Aetna Casualty Surety Co.,214 Conn. 216 (1990); however, in those cases it does not appear that any party sought a stay of the insurance litigation so that the issue whether either action shall be stayed during the resolution of the other was not actually decided in either of these cases.
Judges assigned to manage cases on the complex litigation docket are authorized by Practice Book § 23-14 to stay further proceedings in a case or to "enter any appropriate order which facilitates the management of the complex litigation cases." The complex litigation docket was created in part to avoid simultaneous trials of similar issues in multiple proceedings, and to allow related cases to be sequenced in a manner that preserves court resources. CT Page 13434
The parties have cited cases in which trial courts in other jurisdictions have exercised their discretion concerning stays in one direction or the other. Since the exercise of discretion is specific to the circumstances of a particular case, the rulings are of very limited utility, and certainly have no precedential effect on this court.
It seems logical that the prime factors to be considered with regard to a stay where two civil cases with overlapping issues are pending is the economical use of judicial and other public resources and a balancing of the burdens on the parties from the granting or denial of a stay. In the context of stays of administrative adjudications, the Connecticut Supreme Court has declined to set forth factors to be considered in every case and has instead left the granting of a stay to the exercise of the trial judge's discretion, which the Court has stated properly includes a consideration of the burdens resulting to the respective parties from the granting or denying a stay. Griffin Hospital v. Commission on Hospitalsand Health Care, 196 Conn. 451, 455-61 (1985).
In Griffin Hospital v. Commission on Hospitals Health Care, supra,196 Conn. 451, issues of judicial economy were not at issue; rather, the enforcement or stay of enforcement of an administrative ruling affected only the parties. Where the public interest or the interest of nonlitigants is involved, that factor has been held to be properly considered in determining whether to enter a stay or injunctive relief.Anderson v. Latimer Point Management Corp., 208 Conn. 26, 262 (1988);Griffin Hospital v. Commission on Hospitals and Healthcare, supra,196 Conn. 458-59. Preservation of the resources of the courts is a matter of public interest.
Is a Stay Warranted?
Trial will begin in the Accashian case in April 2003, when the court will try the claims of selected "vanguard" plaintiffs, individuals whose claims are typical of various kinds of claims made by multiple plaintiffs. The City of Danbury and defendants who are municipal employees are engaged in preparing for that trial, including responding to discovery requests made on behalf of the hundreds of plaintiffs, who variously claim personal injury and/or property damages from events occurring in a variety of time frames. Trial of the claims in Accashian
will not require this court to determine whether any insurance policy covers or excludes the losses claimed by the Accashian plaintiffs; however, adjudication of these claims will require evidence of the manner in which the Danbury defendants operated the landfill at issue. In that suit, it is likely that each plaintiff will have to establish the dates between which the claimed effects of contamination occurred; however, CT Page 13435 those dates are not pleaded with particularity as to each plaintiff in the Accashian complaint, and they cannot be decided in the declaratory judgment counterclaims on the basis of the pleadings.
In its counterclaim The Hartford seeks a judgment declaring that the claims of the Accashian plaintiffs are not within the coverage provided in the policies issued by The Hartford during various years between 1977 and 1982, that the insureds have breached their duties under such policies, that the claims that are the subject of the Accashian complaint do not arise from an occurrence" or "accident" as those terms are defined in The Hartford policies, that some or all of the Accashian plaintiffs' claims arose prior to or subsequent to the Hartford's coverage period, and that The Hartford's policies exclude liability for personal injury or property damage resulting from discharges of contaminants that are not "sudden and accidental."
Resolution of the insurers' counterclaims will require determining the date on which each claim arose, the conduct of the insureds that created the damage or loss, if any, and whether the nature of the damage comes within the definition of the coverage provided by each insurer for each relevant period. In the event that the municipal defendants in Accashian
prevail on some or all of their special defenses, or if some plaintiffs fail to pursue their claims, the number of claims for which the insureds seek indemnity from their insurers may be far smaller than the number alleged in the Accashian complaint. Staying the insurers' counterclaims until resolution of the Accashian claims therefore presents the prospect that the issues, facts, and number of claims to be decided in this case may be fewer and the amounts at issue and duration of the trial of the insurers' declaratory judgment action may be reduced by the time the case is tried. If the insurers' counterclaims are not stayed, the court may needless spend resources managing discovery and trying facts in the declaratory judgment counterclaims of the insurers that are related to claims that are not ultimately pursued or that are not ultimately proven in Accashian. This court concludes that the interest of judicial economy is served by staying the insurers' counterclaims until resolution ofAccashian.
The plaintiffs assert that the insurers' counterclaims should be stayed for the further reason that the plaintiffs would otherwise be burdened by having to defend simultaneously the claims of the Accashian plaintiffs and their own insurers' counterclaims, creating a risk that the insurers' investigation of their conduct in pursuit of policy exclusions will ultimately aid the Accashian plaintiffs, giving them the advantage of the skills of lawyers for four insurance companies. The plaintiffs note that in the course of preparing to meet the defendants' counterclaims in the present case they may be put in the position of assembling proof of some CT Page 13436 claims that the Accashian plaintiffs may not ultimately pursue, a point underscored by the fact that some of those plaintiffs have already been eliminated because of their failure to comply with their discovery obligations.
The insurers assert that the disadvantages to them from the entry of a stay are delay in conducting discovery and the prolongation of their payment of defense costs in Accashian. Both of these objections appear to be insubstantial. Evidence concerning the operation of the landfill will be amply preserved and developed in or because of the Accashian
litigation. If the insurers are ultimately found not to have been contractually required to pay defense costs, the costs paid can be recovered from the City of Danbury.
The insurers further suggest that no stay is necessary because at least some of the burdens identified by the plaintiffs could be protected by orders sealing the file and the proceedings in this case to prevent inspection by the Accashian plaintiffs. The plaintiffs have, indeed, filed a motion to seal the file in this case to avoid use by theAccashian plaintiffs of materials developed by the insurers. Practice Book § 11-20 prohibits such orders without a showing that they are "necessary to preserve an interest which is determined to override the public's interest in attending such proceeding or viewing such materials." The interest that the plaintiffs seek to protect is merely a competitive advantage against another litigant, in effect asking this court to help it keep the Accashian plaintiffs from gaining access to information that might assist them in pursuing their claims. Such an interest is not consonant with the court's neutrality toward the parties and would not appear to override the public interest in having civil litigation conducted in open courts.
Conclusion
This court finds that the factors in favor of a stay outweigh those against, and for the foregoing reasons, the motion to stay is granted until the resolution of the trial of the vanguard claims in Accashian or until further order of the court, whichever occurs sooner.
Beverly J. Hodgson Judge of the Superior Court