[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO COMPEL ARBITRATION AND STAY ARBITRATION
The present matter concerns a dispute over a reinsurance policy between two insurers. On November 12, 1997, the plaintiff, Gulf Insurance Company, (Gulf) and the defendant, Utica Mutual Insurance Company, (Utica) entered into a Certificate of Fidelity Facultative Reinsurance (Certificate) in which Utica agreed to reinsure Gulf for five million of six million dollars that was a part of Gulfs larger coverage of a First Excess Crime Policy issued to Credit Bancorp Ltd., (Credit Bancorp). In July 1998, both Great Britain's Financial Services Authority and the lead underwriter for the subject policy (and other policies) commenced simultaneous investigations of Credit Bancorp for fraudulent activities. Apparently as a result of certain information, three of the syndicates involved in the reinsurance policies cancelled their coverage in May 1999. In November 1999, the Securities Exchange Commission filed suit in the United States District Court for the Second District of New York alleging that officers and others of Credit Bancorp had committed fraud and sought the appointment of a receiver. In February 2000, the receiver brought suit against the insurers, including the plaintiff herein, and the insurers responded seeking rescission of the policies.
On June 27, 2001, the United States District Court ruled that, inter alia, the insurers could have rescinded their policies in 1998 when they learned certain information about fraud committed by Credit Bancorp, but, as they chose not to do so, they were deemed to have ratified the policies. The court also held that regardless of which insurers had knowledge of the fraud, all of the insurers, including Gulf, were put on notice. In January 2002, the insurers settled with the receiver; Gulf then gave notice to Utica of the federal action and the settlement and demanded reimbursement from Utica pursuant to the Certificate.
On June 27, 2002, Utica filed suit in New York state court against Gulf seeking declaratory and other relief that the initial Certificate was void ab initio. On July 15, 2002, pursuant to paragraph twelve of the
CT Page 13995
Certificate, Gulf requested that Utica arbitrate the matter. On July 17, 2002, Utica rejected the demand to arbitrate and on August 1, 2002, Gulf filed the present action in this court seeking to compel arbitration. The New York court temporarily stayed any arbitration and on September 3, 2002, heard essentially the same issues that were argued to this court on October 9, 2002. The parties are now awaiting that court's ruling.
At the recent hearing on October 9, 2002, Gulf argued its motion to compel arbitration and Utica argued its motion to stay arbitration. Utica argues that the doctrine of first to file/prior pending action warrants a stay of this matter. See U.S. Fire Ins. Co. v. Goodyear Tire RubberCo., 920 F.2d 487, 488 (8th Cir. 1990) ("The well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." [Internal quotation marks omitted.]); see also Ontel Products, Inc. v. ProjectStrategies Corp., 899 F. Sup. 1144, 1150 (S.D.N.Y. 1995); Sauter v.Sauter, 4 Conn. App. 581, 485, 495 A.2d 1116 (1985) ("[W]here an action is pending in one state, the court of another state in which another action, involving the same parties and subject matter, is brought, may grant a stay of proceedings in the latter action. . . ." [Internal quotation marks omitted.]). Utica argues that under New York law it should be able to litigate the issue of fraud before a court since, if proven, the Certificate, including the provision to arbitrate would be null and void.
Gulf, of course, counters arguing that the first to file/prior pending doctrine cases are inapplicable because they do not relate to an arbitration demand but rather to competing judicial actions. It citesFishman v. Middlesex Mutual Assurance Co., 4 Conn. App. 339, 347-48,494 A.2d 606, cert. denied, 197 Conn. 806, 499 A.2d 57 (1985), in which the Appellate Court rejected the defense argument that the prior pending action doctrine required the dismissal of the plaintiff's second action seeking to compel arbitration after simultaneously filing suit seeking damages. The court held that the actions were not similar as one sought damages while the other sought arbitration. Id., 348. Gulf additionally argues that the New York court may not compel arbitration since the situs for the arbitration is here in Connecticut. See Doctor's Associates,Inc. v. Keating, 72 Conn. App. 310, 318, 805 A.2d 120 (2002); Bank ofTokyo-Mitsubishi, Ltd v. J.A. Jones, Inc., 1998 WL 283355 (S.D.N.Y. 1998). Finally, Gulf rejects Utica's argument that the fraud allegation must be determined first by a court as a result of the Supreme Court's ruling in Prima Paint Corp. v. Flood Conklin Mfg. Co., 388 U.S. 395,87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), and its progeny.
The facts in this case are not quite the same as in Fishman v.
CT Page 13996
Middlesex Mutual Assurance Co., supra, 4 Conn. App. 339; the court recognized the need for both actions — which were brought by the same party. It is not, as Gulf claims, exactly on point. Notwithstanding Gulfs other arguments, however, the real issue before this court at this time is Utica's request to stay the action until the New York court has heard Gulfs motion to stay. Had our sister court not already heard this exact issue, the decision for this court might be different. However, Gulf is now asking this court to decide an issue after it has already briefed and argued the same issue to the New York court. Perhaps that court will adopt Gulfs argument and stay that action[1] or perhaps it will grant Utica's motion for summary judgment and decide that the contract is void. This court cannot and, more importantly, should not, predict. A decision by this court now compelling arbitration would not serve the interests of either party — at least not while the same motion is pending before the New York court. As noted by the Supreme Court in a different but not unrelated context: "Solution [is] found in the doctrine of comity between courts, a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." (Internal quotation marks omitted.) Fay v. Noia, 372 U.S. 391, 420, 83 S.Ct. 822,9 L.Ed.2d 837 (1963). This court is prepared to address fully Gulfs motion, and perhaps soon, but as a result of Gulfs motion in the New York court, it will wait until the New York court rules. Accordingly, the motion to stay is granted.
 ___________________ Berger, J.