[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO LIFT STAY AND DEFENDANT'S MOTION TO DISMISS
The plaintiff wife ("wife") instituted the instant action by writ, summons, and complaint dated February 18, 2002 (returnable April 2, 2002) claiming a dissolution of marriage and other related relief. At that time there was pending a similar action in the Supreme Court of New York, also instituted by the wife. The wife later moved for permission to withdraw the New York action, which motion was granted by written order filed May 7, 2002. The husband moved for re-argument, found the earlier decision was re-affirmed by the court on September 24, 2002, which had previously found, inter alia, that "the New York state residency requirements of DRL § 230 cannot be met," and that "there is no basis for this court to retain continual jurisdiction over these parties' many and varied disputes." Decision on the Motion to Re-argue was pending, when the husband filed a Motion to Dismiss the Connecticut action. The court heard brief argument by counsel and took the papers. In addition, the court stayed further action in Connecticut pending a decision by the New York court. Since the September ruling by the New York Supreme Court, the wife filed a Motion to Lift Stay dated November 13, 2002. The husband's argument is two-fold, to wit: (1) that there is a prior pending case in New York and (2) that Connecticut is a forum non conveniens.
The prior pending action doctrine is "a rule of justice and equity and [is] not . . . a principle of absolute law." Gaudio v. Gaudio,23 Conn. App. 287, 297 (1990). The case of Sauter v. Sauter,4 Conn. App. 581 (1985), is controlling, despite the husband's attempt to distinguish this case from it. There, the Appellate Court held that the "pendency of an action in one state is not a ground for abatement of a later action in another state." Sauter, supra, 584. This court has sufficient facts before it to determine that the Supreme Court of New York has declined to exercise jurisdiction, and that the wife and minor child being residents of Connecticut, the Superior Court has jurisdiction to entertain the case. Moreover, whether or not there is an active case pending in New York at this time, does not, in and of itself, deprive this CT Page 2168 court of jurisdiction to hear at least some, if not all, of the pending motions, since the grant or lift of a stay is discretionary with the court. Sauter, supra, 585.
Likewise, "as a common law matter, the doctrine of forum nonconveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice . . ."Reed v. Commercial Union Ins. Co., 60 Conn. App. 200, 203 (2000). Great weight is accorded a litigant's choice of forum. "Emphasis on the trial court's discretion does not, however, overshadow the central principle of the forum non conveniens doctrine that unless the balance is strongly in favor of the defendant[s], the [plaintiffs'] choice of forum should rarely be disturbed." Durkin v. Intevac, Inc., 258 Conn. 454, 464
(2001). Short of litigating in Italy, there is no other forum in the United States, the wife having withdrawn the New York action. Moreover, Connecticut is the residence of the wife and minor child, as well as the location of real property in which the wife claims an interest. There is a substantial backlog of motions made by each party before the court, and justice will not be served by a further delay while an appeal wends its way through the New York court system.
 ORDER
For the foregoing reasons, the plaintiff's Motion to Lift Stay is HEREBY GRANTED effective immediately and the defendant's Motion to Dismiss is HEREBY DENIED. The parties are further ordered to report to the Family Clerk in charge of caseflow to arrange for a scheduling conference regarding all pending motions.
 THE COURT
Shay, J. CT Page 2169